NORDONIA HILLS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* UNEMPLOYMENT COMPENSATION BOARD OF REVIEW ET AL., APPELLEES.

(No. 11171—Decided September 21, 1983.)

*Mr. Dennis M. Whalen,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. H. Gene Shackle,* for appellee Ohio Bureau of Employment Services.

*Mr. Michael G. Wolff,* for appellee Helen Groff.

GEORGE, J. The Administrator of the Ohio Bureau of Employment Services allowed unemployment benefits to Helen Groff and found that her dismissal from the Nordonia Hills City School District Board of Education was not for just cause. The school district filed a request for reconsideration of the determination of unemployment benefits. A hearing was held before a referee for the Unemployment Compensation Board of Review.

The referee affirmed the administrator's decision. The school district then filed a further appeal with the board of review, which was disallowed. Thereafter, an appeal was perfected to the court of common pleas and the order of the board of review was affirmed. From this trial court review an appeal is lodged.

Groff was a custodian at Nordonia Hills High School. She was arrested and charged with petty theft involving food taken from the school cafeteria. A suspension from her employment followed. The school district thereafter held a hearing which resulted in her discharge from employment. The discharge was appealed to the court of common pleas and was upheld. The charge of petty theft was amended to receiving stolen property. A jury found Groff not guilty of that offense.

The school district raises three assignments of error. The first and third assignments of error deal with the refusal of the referee to admit into evidence a copy of the verbatim transcript of proceedings of Groff's termination held before the school district. Therefore, they will be treated together.

Assignments of Error

"I. The decision of the referee for the appellee Board of Review was

unreasonable and unlawful due to the refusal of the referee to consider reasonable and necessary information which was relevant to the termination of the employment of appellee Groff.

"III. The trial court committed prejudicial error by affirming the decision of the referee for appellee Board of Review in light of the unreasonable and unlawful nature of the referee's proceedings and his decision."

The school district argues that the referee denied it a fair hearing by refusing to accept and consider relevant evidence, *i.e.*, a copy of the verbatim transcript of the proceedings, including testimony taken at the termination hearing. The transcript included that evidence which the school district relied upon in the discharge of Groff.

The referee's decision, that Groff was dismissed without just cause, was based to a significant degree upon Groff's acquittal on the charge of receiving stolen property. The referee's decision stated:

"* * * [Groff] never stole any food from the cafeteria nor did she ever receive any stolen food. Following a trial on October 15 and October 16, 1981, she was found not guilty."

The trial court did not address the referee's refusal to accept into evidence a copy of the verbatim transcript of proceedings. Rather, limiting itself to the existing record, the trial court held that reasonable minds could differ with the referee's decision, however, that such difference did not make the referee's decision unlawful, unreasonable or against the manifest weight of the evidence.

Groff argues that unless the witnesses who testified at the discharge hearing were shown to be unavailable for the hearing before the referee, then the copy of the transcript of proceedings was properly disallowed. Groff in effect would require that although the matter had been litigated once (providing all the due process safeguards of sworn testimony, cross-examination and legal representa-

tion), the testimony so elicited should be repeated before the referee.

When counsel for the school district offered the copy of the transcript into evidence, counsel for Groff objected on the basis that such copy was not the best evidence. Evid. R. 804(B) and 1002. The referee sustained the objection and refused to allow the transcript into evidence.

R.C. 4141.28(J) encourages the gathering of all available information. It provides that the referee shall consider:

"* * * All information in such file * * * in arriving at a decision, together with any other information which may be produced at the hearing. * * *"

While the referee is not bound by technical rules or procedure, the object of the hearing is to ascertain the facts which may or may not entitle the claimant to unemployment benefits. *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41 [23 O.O.3d 57]. The referee, as the presiding officer, has the discretion of accepting or rejecting any evidence and in choosing to apply or not to apply the technical rules of procedure.

Here, the copy of the transcript would have supplied information upon which the school district relied when it discharged Groff. Evid. R. 1003 permits this evidence to be admitted. Further, the circumstances of this case required consideration of this evidence under R.C. 4141.28(J).

Discretion is not to be employed without restraint. When the evidence offered would provide some insight into the very subject of dispute, then there must be a conscious effort to allow each side to present such evidence as is available and which would aid in the determination. Here the issue was whether Groff's conduct constituted just cause for her discharge and thereby caused her to be ineligible for unemployment benefits.

Certainly the proceedings held at the time of Groff's dismissal would offer information relevant to a determination of

whether or not she was dismissed for just cause. The referee's disallowance of the copy of the transcript of such proceedings, when the authenticity was undisputed, was unreasonable. A reasonable person could only conclude that the transcript would provide some relevant evidence necessary to a determination of whether the claimant had been dismissed for just cause.

Discretion must be employed by any judicial officer so as not to offend the right to a fair trial. The referee was required to afford the parties a reasonable opportunity to be heard. R.C. 4141.28(J). Here the referee's use of discretion resulted in the exclusion of relevant evidence. Such exclusion denied the school district a reasonable opportunity for a fair hearing and amounted to an abuse of discretion.

Therefore, the first and third assignments of error are sustained.

The second assignment of error is directed to the degree of proof that is required of the school district in order to establish that Groff was discharged for just cause. The referee found that Groff never stole any food nor received any stolen food, and she was acquitted of receiving stolen property. This conclusion was based to a significant degree on the finding of not guilty of the criminal charge against Groff.

The acquittal of Groff resulted from the state's failure to convince the jury beyond a reasonable doubt that Groff had in fact received stolen property. The acquittal demonstrated only that the jury concluded that the state had not produced the quantum of proof necessary for a criminal conviction. The acquittal was not the equivalent of showing that there was insufficient evidence to establish just cause for Groff's discharge.

The standard of proof necessary to support the finding of a dismissal for just cause under R.C. 4141.29(D)(2)(a) is substantially less than that required for a criminal conviction. The basis of the referee's decision need only be supported by relevant probative evidence. *Hepner* v. *Bd. of Review* (App. 1978), 11 O.O. 3d 144.

Therefore, the finding of not guilty in a criminal prosecution, involving the same dishonest conduct which precipitated the employee's discharge is of limited significance. It is not conclusive as to the absence of relevant probative evidence to support the dismissal for just cause.

An employer may have just cause to dismiss an employee for dishonesty, even though the employee is neither charged with nor convicted of a criminal violation. In the case at bar, to follow the referee's finding to its logical conclusion, there would have to be a criminal conviction for dishonest conduct in order to support a discharge for dishonest conduct. This is not the law.

Finally, since the referee refused to consider the transcript of the testimony taken at the time of the dismissal hearing, it is unknown whether there were any other grounds put forth before the employer and considered by it in terminating Groff's employment which could amount to just cause.

Therefore, the second assignment of error is sustained.

The decision of the trial court is reversed, the decision of the referee is vacated, and the matter is remanded to the referee for further proceedings. Such proceedings should include the consideration of the copy of the verbatim transcript of testimony taken at the hearing held before the school district at the time of Groff's termination.

*Judgment reversed
and cause remanded.*

BAIRD, P.J., and SPICER, J., concur.

SPICER, J., of the Court of Common Pleas of Summit County, was assigned to the Ninth Appellate District pursuant to Section 5(A)(3), Article IV, Constitution.