OPINION
Appellant, Michael Benton, brings this appeal from a denial of unemployment compensation benefits after being discharged from his employment with Appellee, Sodexho Marriott Services ("Sodexho"). For the reasons expressed below, we affirm.
The record indicates that Appellant was employed with Sodexho as a general manager of "integrated support solutions" at Hardin Memorial Hospital located in Kenton, Ohio. As part of his job duties, Appellant was responsible for the operation of various non-clinical service departments in the hospital, including dietary and housekeeping.
Appellant filed an application for unemployment benefits on September 8, 1998, after being terminated for, among other things, the unauthorized use of Sodexho's Airborne Express account to ship personal items to friends and relatives. Sodexho's client, Hardin Memorial Hospital, was apparently charged for the shipping costs, which totaled between $20 and $40.
The Administrator of the Ohio Bureau of Employment Services initially concluded that Appellant was terminated without just cause and the claim was allowed for the week ending September 12, 1998. Upon a request for reconsideration from the employer, the Administrator affirmed the prior decision.
Sodexho then appealed to the Unemployment Compensation Review Commission. A hearing commenced on February 2, 1999 and was continued until April 27, 1999. In a decision issued on June 10, 1999, the Commission found that Appellant's use of the Airborne Express account constituted just cause for termination and denied the claim for unemployment benefits.
In response to this adverse ruling, Appellant appealed to the trial court. After considering the briefs submitted by the parties and reviewing the administrative record, the trial court affirmed the decision in a judgment entry dated November 17, 2000. This timely appeal followed.
Prior to addressing the merits of Appellant's arguments, we are obliged to set forth the proper standard of review to which this Court must adhere. In Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, the Supreme Court of Ohio resolved the issues surrounding the scope of appellate review in unemployment compensation cases. In so doing, the Court found it significant that the legislature made no distinction between the standard of review of common pleas courts and appellate courts in R.C. 4141.28(O), the statute setting forth the appeals process in these cases. Id. at 697. Thus, the Court held that, like a trial court, a court of appeals "may reverse the Unemployment Compensation Board of Review's `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence."Id. at paragraph one of the syllabus. Accordingly, it is impermissible for a reviewing court to determine facts or assess the credibility of witnesses. Id. at 696. Rather, our only duty is to decide whether the evidence in the record supports the conclusion reached at the administrative level. Id.
In the case sub judice, Appellant asserts a total of twelve separate, rather convoluted assignments of error, which he further divides into four groups according to similarity of issues. For the sake of clarity, we will review these assertions in the order and manner in which they are presented in Appellant's brief.
In his first two assignments of error, Appellant essentially complains that the trial court erred in affirming the Commission's determination that he was discharged from employment for just cause. We are not persuaded.
The Ohio Revised Code provides that an individual will be denied unemployment compensation benefits if he or she has been terminated for just cause. See R.C. 4141.29(D)(2)(a). "* * * [J]ust cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Tzangas,73 Ohio St.3d at 697, citing Irvine v. Unemp. Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17. The determination of whether "just cause" exists is admittedly determined on a case-by-case basis since the issue is driven by the unique facts of each situation. Tzangas,73 Ohio St.3d at 698.
However, because the Unemployment Compensation Act was created to protect employees who find themselves involuntarily unemployed for reasons outside of their control, such as adverse economic conditions, an essential component of "just cause" in any case is fault on the part of the employee. Id. at paragraph two of the syllabus. It has been held that where an employee demonstrates an "unreasonable disregard for [the] employer's best interests", a court may appropriately find the fault component has been satisfied and that the employee was terminated for just cause. Oriana House, Inc. v. Terrell (Mar. 15, 2000), Summit App. No. CA 19550, unreported, at *3, citing Kiikka v. Ohio Bur. of Emp.Services (1985), 21 Ohio App.3d 168, 169.
Herein, Sodexho discovered through an audit that, on more than one occasion, Appellant utilized the company's Airborne Express account to ship personal items to friends and family members and, as a result, the hospital assumed the costs. Appellant admitted to this conduct, stating that he was aware that this action was not authorized by the employer and that it could ultimately lead to his termination, but that this was more convenient and expeditious than shipping the items on his own. Appellant also stated, without explanation, that he did not inform Sodexho of his conduct nor did he make an offer of reimbursement until after the audit. Thus, the record supports the finding that Appellant was "directly responsible for his own predicament" Tzangas, 73 Ohio St.3d at 698, and that he had an "unreasonable disregard for the employer's best interests", Oriana House, Inc, supra at *3.
Based upon the foregoing, we find the decision entered by the Commission was not unlawful, unreasonable or against the manifest weight of the evidence. Accordingly, Appellant's first and second assignments of error are without merit and must be overruled.
In the next eight assignments of error, Appellant asserts that he was denied a fair hearing because of several evidentiary rulings made by the hearing officer. We disagree.
In disposing of these arguments, we must first point out the pertinent language contained in R.C. 4141.28(J), which states:
 * * * In the conduct of a hearing by a hearing officer * * * the hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The hearing officers shall take any steps in the hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law. * * *
 While the hearing officer is clearly not required to adhere to technical rules or procedure, the purpose of the proceeding is to discover the facts which may or may not warrant the award of unemployment benefits. Nordonia Hills Bd. of Edn. v. Unemp. Comp. Bd. of Review (1983), 11 Ohio App.3d 189, 190, citing Simon v. Lake Geauga Printing Co. (1982), 69 Ohio St.2d 41. The hearing officer is entitled to exercise discretion in choosing whether to accept or reject certain evidence. Nordonia Hills, 11 Ohio App.3d at 190. Discretion should not be used in manner so as to infringe upon the right to a fair hearing. Id. at 11 Ohio App.3d 191. That is, "[w]hen the evidence offered would provide some insight into the very subject of dispute, then there must be a conscious effort to allow each side to present such evidence as is available and which would aid in the determination." Id.
In this case, the sole issue before the hearing officer was whether Appellant was discharged from his position of employment with Sodexho for just cause in connection with his work. Sodexho alleged, among other things, that Appellant's unauthorized use of the Airborne Express account constituted just cause. The evidence that Appellant now claims should have been admitted at the hearing, i.e., the entire company policy manual; copies of written disciplinary action reports filed one year prior to termination; and testimony regarding Appellant's attempt to comply with the company's fairness policy following discharge would not aid in the officer's determination of whether just cause existed. This is especially true in light of the fact that Appellant fully admitted to his conduct with respect to the shipping account in a written statement and during his testimony. If any error occurred in the exclusion of evidence, it must be considered harmless. Thus, while Appellant complains that he was denied a fair hearing because the presiding officer denied him the opportunity to present a complete case, we find otherwise.
For these reasons, Appellant's assignments of error three through ten are without merit and must be overruled.
For his eleventh assignment of error, Appellant appears to claim that the hearing officer could not possibly have found just cause based upon the conduct surrounding the Airborne Express account unless it was for purely personal reasons. Appellant bases this complaint on the language contained in the employer's policy manual and states that his conduct does not fit within any of the reasons provided for immediate termination.
In disposing of this assignment of error, we are compelled to repeat the standard of review to which this Court must adhere. Again, we cannot properly reverse the trial court's decision unless we find that the determination reached at the administrative level was unlawful, unreasonable or against the manifest weight of the evidence. Tzangas,73 Ohio St.3d 694, at paragraph one of the syllabus. In applying this standard, we are not permitted to make factual determinations. Tzangas,
at 696.
The issue of whether Appellant's conduct fits within the employer's policy definition of "serious misconduct" or that which is severe enough to warrant immediate termination, is an issue of fact. The evidence presented at the hearing supports the conclusion that Appellant's unauthorized use of the Airborne Express account falls under one or more of the grounds enumerated in the policy manual. Notably, the manual also states that the examples of serious misconduct listed "do not in any way limit the right of the Company to terminate for any other grounds it deems to be misconduct." We believe the record supports the conclusion that Appellant's actions constitute misconduct. Consequently, Appellant's eleventh assignment of error is overruled.
In his final assignment of error, Appellant argues that his termination was improper because he did not receive the prior notice and warnings that the employer's policy manual provides for. Since we have already found that the record supports the conclusion that Appellant's conduct fell under the provisions for immediate discharge from employment, this contention has been rendered moot.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
 ____________________ WALTERS, P.J.
 BRYANT and SHAW, JJ., concur.