DECISION AND JUDGMENT ENTRY
David Cooper appeals the Scioto County Court of Common Pleas' decision affirming the findings of the Unemployment Compensation Review Commission ("the Commission"). On appeal, Cooper asserts that the trial court erred because the Commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. Because we find that the record contains some competent, credible evidence supporting a finding that Cooper's employer dismissed him for just cause, we disagree. Cooper also asserts that the trial court erred in failing to find that the Hearing Officer did not adequately assist him though he was not represented by counsel. Because the Hearing Officer took steps reasonable and necessary to ascertain the facts related to Cooper's firing, we disagree. Finally, Cooper asserts that the trial court erred in failing to reverse the Review Commission's determination that profanity constitutes just cause for discharge. Because the record demonstrates that Cooper displayed insubordination by directing profane language at his employer, refusing to return to work, and shaking his fists at his employer in a threatening manner, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
Amerifast Heating and Air Conditioning employed Cooper from February 9, 1999 through May 8, 2000, when Amerifast's president, Richard Christensen, fired him and a co-worker, Terry Shepherd. Cooper and Shepherd each filed applications for unemployment benefits with the Ohio Department of Job and Family Services ("ODJFS.") The ODJFS disallowed their claims and found that Cooper and Shepherd were discharged for just cause in connection with work.
Cooper and Shepherd each filed a timely appeal with the ODJFS, and the ODJFS affirmed each of its initial determinations. Cooper and Shepherd each appealed again. The Unemployment Compensation Review Commission ("Commission") held a consolidated telephone hearing on their claims. Christensen, Cooper and Shepherd testified before a Hearing Officer during the telephone hearing. Additionally, Cooper called his former supervisor, Leslie Wilkinson, who testified about Cooper's skills and reliability.
The hearing testimony revealed that on May 8, 2000, Cooper and Shepherd were assigned to work on a farm owned by Christensen. When Christensen arrived at the worksite, Cooper and Shepherd's supervisor was working, but Cooper and Shepherd were not.
Christensen approached Cooper and Shepherd to find out why they were not working. Shepherd confronted Christensen about raises Christensen allegedly had promised both Shepherd and Cooper. When Christensen stated that he did not have enough money or available work to give the two raises, Shepherd cursed Christensen.
Christensen testified before the Hearing Officer that he tried to get both men "leveled out," but "both were very disagreeable." According to Christensen, both men used profanity and threatened him by shaking their fists. Christensen stated that he tried to discuss the dispute calmly with the men, and that he gave the men a warning about their profanity and disrespect.
In Shepherd's testimony, Shepherd admitted that he cursed twice and that he directed one of the two curse words at Christensen. However, Shepherd did not admit to repeatedly cursing Christensen or to threatening him.
Cooper's testimony corroborated Shepherd's testimony. The Hearing Officer asked Cooper what he was doing while Shepherd cursed and argued with Christensen, and Cooper testified that he merely stood by and listened. However, elsewhere in his testimony, Cooper indicated that he participated in the argument. Specifically, Cooper testified "we asked him about our raise * * *." (Emphasis added.)
Christensen stated that when Cooper and Shepherd continued cursing and threatening him despite his warnings, he fired them for insubordination.
In his decision regarding Cooper's discharge, the Hearing Officer determined that Cooper erupted in profanity after a disagreement with Christensen, and that Cooper was insubordinate when he persisted in treating Christensen with disrespect after Christensen warned him to stop. Thus, the Hearing Officer reaffirmed the ODJFS's determination that Christensen discharged Cooper for just cause in connection with work.
Cooper then filed an application with the Commission for further review. The Commission issued a decision denying Cooper's application for further review, and Cooper filed an appeal in the trial court. The trial court considered the transcript, briefs and the record before it and found that the Commission's decision was lawful, reasonable and in accordance with the manifest weight of the evidence.
Cooper appeals, asserting the following assignments of error:
 The Court of Common Pleas' affirmance of the Unemployment Compensation Review Commission's finding that Appellant was discharged for just cause in connection with work is unlawful, unreasonable, and against the manifest weight of the evidence.
 The Review Commission erred by disallowing Appellant's Request for Review of the Hearing Officer's Decision because the Hearing Officer failed to assist the unrepresented claimant, ascertain the relevant facts, or fully develop the record and, as a result, the Appellant suffered harm.
 The Review Commission's determination that Appellant's alleged use of profanity was a disqualifying event was unlawful because the Hearing Officer failed to consider mitigating factors.
 II.
In his first assignment of error, Cooper asserts that the trial court's decision to affirm the Commission's determination is contrary to the manifest weight of the evidence. Specifically, Cooper asserts that the record contains no evidence that he used profanity or was insubordinate toward Christensen.
Upon appeal of a Commission decision, the reviewing court, whether a trial court or court of appeals, must affirm the Commission's decision unless the decision is unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(0)(1); Tzangas, Plakas Mannosv. Ohio Bur. of Emp. Servs. (1995), 73 Ohio St.3d 694, 696. Under this standard of review, the reviewing court must affirm the Commission's finding if some competent credible evidence in the record supports it.Irvine v. Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18;Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. On close questions, "where the board might reasonably decide either way, the courts have no authority to upset the board's decision." Irvine at 18,
citing Charles Livingston Sons, Inc. v. Constance (1961),115 Ohio App. 437.
Under R.C. 4141.29(D)(2)(a), an employee who is discharged from employment for just cause is ineligible to receive unemployment benefits. Ford Motor Co. v. Ohio Bur. of Emp. Servs. (1991),59 Ohio St.3d 188, 189. "[J]ust cause" is that which would lead a person of ordinary intelligence to conclude that the circumstances justify terminating the employment relationship. Durgan v. Ohio Bur. of Emp.Serv. (1996), 110 Ohio App.3d 545, 549; Irvine, 19 Ohio St.3d at 17. In determining whether just cause exists in a particular case, the Commission must consider whether granting benefits will serve the underlying purpose of unemployment compensation, to provide financial assistance to individuals who become unemployed through no fault of their own. Tzangas at 697; Irvine at 17; Krawczyszyn v. Ohio Bur. of Emp.Servs. (1989), 54 Ohio App.3d 35, 38. The Commission must determine just cause on a case by case basis, because "whether just cause exists necessarily depends upon the unique factual considerations of the particular case." Irvine at 17.
Cooper contends that the Commission's finding of just cause in this case is contrary to the manifest weight of the evidence because Christensen never specifically attributed any curse words or actions to him. However, the record contains some competent, credible evidence that Cooper displayed insubordination. Specifically, while Christensen identified Shepherd as the first to swear at him, he also testified that both men were "disagreeable." Christensen stated that "they" swore at him repeatedly, and persisted when he asked "them" to stop. Additionally, he testified that "they" shook their fists at him in a threatening manner and refused to return to work. Christensen's repeated use of plural pronouns indicates that both Cooper and Shepherd participated in the insubordination.
We find that Christensen's testimony constitutes some competent, credible evidence that Cooper displayed insubordination through profanity, implied physical threats, and a refusal to return to work. We decline to disturb the Commission's determination that Cooper's behavior constituted just cause for termination in this case. Accordingly, we overrule Cooper's first assignment of error.
 III.
In his second assignment of error, Cooper contends that the Hearing Officer failed to assist him, to ascertain the relevant facts, and to fully develop the record. Specifically, Cooper contends that the Hearing Officer limited his right to cross examine witnesses by allowing him to question only Christensen, but not Shepherd. Thus, Cooper contends that the trial court erred in refusing to reverse the Commission's denial of his request for a review of the Hearing Officer's decision.
Hearing officers in an unemployment compensation hearing must remain impartial and "take any steps in the hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law." R.C. 4141.28(J). The hearing officer must afford each interested party all the rights associated with a fair hearing, including the right to cross-examine witnesses. Ohio Adm. Code4146-7-02. A hearing officer's duties are to "advise each party as to rights, aid in examining and cross-examining witnesses, and give every assistance compatible with the discharge of the official duties of the review commission or hearing officer." Id.
The hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general. Owens v. Admr., OhioBur. of Emp. Svcs. (1999), 135 Ohio App.3d 217, 220; Nordonia Hills CitySchool Dist. Bd. of Edn. v. Unemployment Comp. Bd. of Rev. (1983),11 Ohio App.3d 189, 190. The object of the hearing is to ascertain the facts that may or may not entitle the claimant to unemployment benefits.Owens at 220, citing Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 43; Nordonia Hills, 11 Ohio App.3d at 190. The hearing officer's discretion is tempered only to the extent that he must afford each party an opportunity to present evidence that provides insight into the very subject of the dispute. Owens at 220.
In this case, none of the parties retained counsel to represent them at the hearing. Thus, the Hearing Officer had a duty to assist all three parties and conduct the hearing in a fair and impartial manner. The Hearing Officer asked Christensen, Shepherd and Cooper questions, and also elicited testimony from a witness Cooper requested. The Hearing Officer specifically invited Cooper and Shepherd to cross-examine Christensen, but did not invite them to cross-examine each other.
The record reveals that this oversight on the part of the Hearing Officer did not constitute a failure to assist Cooper and conduct a fair hearing. Cooper and Shepherd testified consistently with each other regarding the events of May 8, 2000. Both stated that they merely asked Christensen about their raises, and that Shepherd alone swore just twice, directing only one curse word toward Christensen. As Shepherd did not contradict Cooper, the Hearing Officer had no reason to believe that Cooper would want to cross-examine Shepherd. Moreover, the fact that Cooper called a witness to testify demonstrates that Cooper had been informed of his right to question witnesses. The Hearing Officer may well have presumed that if Cooper wished to question Shepherd, he would have requested to do so.
Thus, we find that the Hearing Officer conducted a fair and impartial hearing directed at ascertaining the relevant facts, and assisted Cooper, Shepherd, and Christensen in presenting evidence relevant to the issues presented. Accordingly, we overrule Cooper's second assignment of error.
 IV.
In his third assignment of error, Cooper asserts that the trial court erred in declining to reverse the Commission's determination because the use of profanity does not constitute just cause for a firing as a matter of law. Cooper contends that the Hearing Officer failed to consider the severity of the language, whether it was an isolated incident, whether other employees were present, and whether it was provoked. Cooper further asserts that Christensen provoked the profanity in this case by repeatedly breaking promises of raises.
In determining whether an employee's statements give rise to just cause for firing, we do not consider the employee's words in a vacuum.Schneider v. Ohio Bur. of Emp. Svcs. (Sept. 27, 1995), Athens App. No. 95CA1655, unreported. Rather, we should consider the duration, intensity, profanity, and subject matter of the remark, and determine whether the employee's language disrupted the work environment or was likely to provoke a violent response. Schneider, citing Wilson v. Bd. ofRev. (1984), 14 Ohio App.3d 309, and Allender v. Huls Printing Co. (Apr. 25, 1988), Hocking App. No. 87CA14, unreported.
In this case, Christensen testified that Cooper and Shepherd swore repeatedly, and specifically directed their profane insults at him. He asked them to calm down and discuss the matter rationally, but they persisted. The remarks were intense and likely to provoke a violent response, in that Cooper and Shepherd shook their fists at Christensen in a physically threatening manner. Christensen testified that he fired Cooper and Shepherd for insubordination. Thus, the record contains evidence supporting the conclusion that Cooper's persistent, profane and threatening behavior constituted just cause for his termination. Accordingly, we overrule Cooper's third assignment of error.
 V.
After reviewing the record, we cannot say that the trial court erred in finding that the Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Thus, the trial court did not err in affirming the Commission's decision. Accordingly, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.