OPINION
{¶ 1} Appellant Kevin L. Cross appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, which affirmed the decision of appellee Ohio Department of Job and Family Services denying appellant unemployment benefits. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT'S DECISION IN FAVOR OF THE DEFENDANTS-APPELLEES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THE OHIO UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S DECISION HAVING BEEN UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} The record indicates appellant had worked for appellee employer for some nineteen years. The employer had received information appellant was selling merchandise out of his home, and the merchandise appeared to have come from the employer's stores. After an investigation, the employer discharged appellant, and appellant filed a claim for unemployment compensation benefits. Originally, appellant's claim was approved, because the Unemployment Compensation Bureau found appellant had receipts for every item in his possession and there was no evidence of dishonesty. The Bureau found appellant had not been discharged for just cause, and awarded appellant benefits. This decision was upheld at the first stage of appeal.
 {¶ 4} Upon further appeal, the Unemployment Review Commission reversed the earlier finding, and found appellant had been discharged for good cause. The agency declined to review the matter further.
 {¶ 5} Appellant filed his appeal with the Ashland County Common Pleas Court. The Common Pleas Court affirmed the decision of the Review Commission, and found appellant was discharged for just cause for taking merchandise from the store he managed without proper authorization. The court noted there were two types of properties found at appellant's home for which appellant could not produce receipts. Appellant had store supplies that were not for sale, but rather for use at the store. Appellant also had a collection of discontinued GE electric light bulbs. These were to have been sold at a discount in the store appellant managed. Appellant told his employer he did not know where the bulbs had come from.
 {¶ 6} Appellant had been receiving benefits during the appeal process, and was ordered to reimburse the Unemployment Commission more than $7,000.
 {¶ 7} Our standard of review in this type of appeal is extremely limited. We may only determine whether the decision of the review commission is unlawful, unreasonable, or against the manifest weight of the evidence, Tzangeos, Plakas, Mannos v. Ohio Bureau of EmploymentServices (1995), 73 Ohio St. 3d 694. We may not make factual findings or determine the credibility of the witnesses, but may only review the record to determine whether the decision is supported by evidence in the record, Id.
 {¶ 8} The Board of Review and the trial court found appellant had been discharged for just cause, and for this reason, pursuant to R.C. 4141.29, appellant was not eligible for unemployment compensation benefits.
 {¶ 9} The Supreme Court has defined just cause as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act, Irvine v. Unemployment Compensation Board
(1985), 19 Ohio St. 3d 15.
 {¶ 10} The Board and the trial court found appellant took merchandise without authorization, and concluded this was just cause for the employer to fire him.
 {¶ 11} Appellant argues he was never charged with theft and the annual loss prevention audit never showed any employee thefts. However, the standard of proof necessary to support a finding of dismissal for just cause is substantially less than that required for a criminal conviction, Nordonia Hills City School v. Unemployment CompensationBoard (1983), 11 Ohio App. 3d 189.
 {¶ 12} We have reviewed the record, and this court cannot find the decision unlawful, unreasonable, or against the manifest weight of the evidence. The fact finder held that appellant has taken property without authorization, and this is supported by evidence in the record. We find the trial court did not err in finding appellant was discharged for just cause, and thus not eligible for unemployment compensation benefits.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed. Costs to appellant.