[Cite as *Briggs v. Cleveland Clinic Health Sys., E.*, 2013-Ohio-4045.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99654**

## TIERA BRIGGS

PLAINTIFF-APPELLANT

vs.

## CLEVELAND CLINIC HEALTH SYSTEM, EAST, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-775705

**BEFORE:** Kilbane, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**APPELLANT**

Tiera D. Briggs, pro se
3251 Kildare Road
Cleveland Heights, Ohio 44118

**ATTORNEY FOR APPELLEES**

Michele L. Jakubs
55 Public Square, 4th Floor
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Tiera Briggs ("Briggs"), pro se, appeals the trial court's judgment affirming the decision by the Ohio Unemployment Review Commission ("Review Commission"), which denied Briggs's claim for unemployment benefits. For the reasons set forth below, we affirm.

{¶2} Briggs was employed as a paramedic for defendant-appellee, Cleveland Clinic Health System-East Region, Inc. ("CCHS") from October 6, 2008, to August 5, 2011. According to CCHS, Briggs was discharged for attendance and performance violations.

{¶3} On September 8, 2011, Briggs filed an application for unemployment compensation benefits. In October 2011, the Ohio Department of Job and Family Services ("ODJFS") allowed the application, finding that Briggs was discharged without just cause. ODJFS stated that CCHS "failed to follow the established disciplinary policy when [Briggs] violated the attendance procedures." CCHS appealed this determination. The ODJFS's redetermination affirmed the initial determination that Briggs had been discharged by CCHS without just cause.

{¶4} CCHS appealed the ODJFS's redetermination, and the matter proceeded to a telephone hearing before the Review Commission on December 15, 2011. Briggs did not participate in the telephone hearing because she had a family emergency with a sick child and had laryngitis. The Review Commission reversed the ODJFS's

redetermination and concluded that Briggs was discharged by CCHS for just cause in connection with her work.

{¶5} Thereafter, the Review Commission disallowed Briggs's request for further review. Briggs then filed an appeal in the Cuyahoga County Common Pleas Court. The trial court affirmed the decision of the Review Commission, concluding that the Review Commission's finding that Briggs was terminated for just cause was not "unlawful, unreasonable or against the manifest weight of the evidence."

{¶6} Briggs now appeals, raising the following single assignment of error for review.

## Assignment of Error

The Hearing Officer's decision to deny [Briggs's] application for unemployment benefits was unlawful, unreasonable, and against the manifest weight of the evidence.

## Standard of Review

{¶7} R.C. 4141.282(H) governs the standard of review for decisions made by the Review Commission that applies to all appellate courts. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 697, 1995-Ohio-206, 653 N.E.2d 1207. The statute provides that the common pleas court shall reverse the Commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). Appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, but they do have the duty to determine whether the Review Commission's decision is

supported by the evidence in the record. *Tzangas* at 696, citing *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587 (1985). *See Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031.

{¶8} In the sole assignment of error, Briggs essentially argues that she was entitled to receive unemployment benefits and the Review Commission unfairly denied her appeal after granting CCHS's appeal.

{¶9} In order to be eligible for unemployment compensation benefits, Briggs must satisfy the criteria in R.C. 4141.29(D)(2)(a), which provides that no individual may be paid benefits if the individual has been discharged for just cause in connection with the individual's work. Briggs has the burden of proving her entitlement to unemployment compensation benefits under R.C. 4141.29(D)(2)(a). *Irvine* at 17, citing *Shannon v. Bur. of Unemp. Comp.*, 155 Ohio St. 53, 97 N.E.2d 425 (1951); *Canton Malleable Iron Co. v. Green*, 75 Ohio App. 526, 62 N.E.2d 756 (1944); 54 Ohio Jurisprudence 2d (1962), Unemployment Compensation, Section 35 (1962). Just cause has been defined as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Id.*, quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

{¶10} Whether just cause exists is unique to the facts of each case. *Irvine* at 18. The factual questions are primarily within the province of the referee and the board, and this court has limited power of review. *Id.* It, therefore, follows that the lower court's judgment will be affirmed if the evidence supports the claim that Briggs was terminated

through her own fault. *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 38, citing *Milyo v. Bd. of Rev., Ohio Bur. of Emp. Serv.*, 8th Dist. Cuyahoga No. 60841, 1992 Ohio App. LEXIS 3921 (July 30, 1992).

{¶11} The record in the instant case supports the Review Commission's decision. Briggs was given several warnings prior to her discharge. Briggs was first given documented counseling in January 2009, a "written warning attendance" in March 2009, a "final written attendance" in May 2009, and a "final written job performance" in February 2011. In February 2011, Briggs's supervisor spoke with Briggs about her attendance points. The supervisor stated in her notes that

> I offered to change [Briggs's] start time in order to allow her time to get to work on time. [Briggs] declined the offer stating, "I can get to work on time." [Briggs] was told that 3 more points would put her in final corrective which would result in termination. [Briggs] stated that she understood.

{¶12} In July 2011, Briggs met with her supervisor when they again discussed Briggs's attendance. At that meeting, her supervisor discussed all the attendance points she has "generously taken off for [Briggs] even though they should have been counted." They also discussed that this meeting was her "final corrective action."

{¶13} In August 2011, Briggs was discharged for violating CCHS human resources policy 8.2, which allows a full-time employee working 3-4 shifts per week "16 points in a 12 month rolling year." Briggs's employee corrective action report states that:

> [Briggs] is in violation of this policy for accumulating 18 points. The following is a list of the infractions:

8/30/10 tardy 1 pt, 9/3/10 tardy 1 pt, 9/6/10 tardy 1 pt, 9/15/10 tardy 1 pt, 9/28/10 no swipe 1 pt, 9/30/10 no swipe 1 pt, 10/19/10 tardy 1 pt, 12/4/10 tardy 1 pt, 12/14/10 tardy 1 pt, 12/17/10 tardy 1 pt, 1/13/11 no swipe 1 pt, 1/14/11 tardy 1 pt, 1/20/11 tardy 1 pt, 5/2/11 excessive tardy 1 pt, 5/20/11 no swipe - sent home - 1 pt, 6/29/11 left early 1 pt, 7/7/11 left early 1 pt, 7/26/11 missed swipe 1 pt = 18 total points

**{¶14}** The Review Commission denied Briggs's claim for unemployment benefits, finding that:

> [CCHS] discharged [Briggs] for exhausting the steps in [CCHS's] progressive discipline procedure due to attendance violations and performance. [Briggs] received a documented counseling, a written warning, and a final written warning for attendance. In addition, [Briggs] received a final written warning and a performance improvement plan (PIP) for performance. Under the policy, all violations progress to the next step in the discipline procedure. [Briggs] had additional attendance violations after her final written warning on February 21, 2011, and progressed to the next step of discipline accordingly. The next step of discipline at that time was termination. [CCHS] terminated [Briggs's] employment accordingly.
>
> * * *
> The Hearing Officer is persuaded by [CCHS's] credible testimony under oath. [Briggs] did not provide any testimony to refute [CCHS's] testimony. In this case, due to [Briggs's] attendance violations and performance, she exhausted the steps in [CCHS's] progressive discipline procedure. She was adequately warned that her job was in jeopardy. She

failed to adequately improve.   Accordingly, [CCHS] discharged [Briggs] for just cause in connection with her work.

**{¶15}** Based on the foregoing, we find that the record contains competent, credible evidence to support the Review Commission's determination that Briggs was terminated for just cause.   *See Johnson v. Cleveland*, 8th Dist. Cuyahoga No. 98312, 2012-Ohio-5744, ¶ 19, citing *Sharif v. Children's Hunger Alliance, Inc.*, 10th Dist. Franklin No. 10AP-796, 2011-Ohio-2049 (where this court stated that "[j]ust cause for discharge may be established by proof that the employee violated a specific company rule or policy.")   We further find that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.

**{¶16}** Accordingly, the sole assignment of error is overruled.

**{¶17}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR