[Cite as *Zuccaro v. Dir., Dept. of Job & Family Servs.*, 2014-Ohio-404.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100372**

# MICHAEL ZUCCARO

PLAINTIFF-APPELLANT

vs.

# DIRECTOR, DEPARTMENT OF JOB & FAMILY SERVICES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-805388

**BEFORE:** E.A. Gallagher, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

John Wood
281 Corning Drive
Bratenahl, OH 44108

**ATTORNEYS FOR APPELLEES**

**Director, Department of Job &
Family Service**

Mike Dewine
Attorney General of Ohio
30 East Broad Street
Columbus, OH    43215

Laurence R. Snyder
Assistant Attorney General
State Office Bldg.,11th Floor
615 West Superior Avenue
Cleveland, OH 44113

**Cleveland Clinic Health System, Etc.**

Michael M. Michetti
3050 Scenic Park Dr., AC-321
Beachwood, OH    44122

EILEEN A. GALLAGHER, J.:

{¶1} Plaintiff-appellant Michael Zuccaro appeals the judgment of the Cuyahoga County Court of Common Pleas that had affirmed the decision by the Ohio Unemployment Review Commission ("Review Commission"), denying his claim for unemployment benefits. For the reasons set forth below, we affirm.

{¶2} Zuccaro was employed as a plant specialist and carpenter for defendant-appellee, Cleveland Clinic Health System-East Region, Inc. ("CCHS") from April 16, 2001 to October 24, 2012. According to CCHS, Zuccaro was discharged for theft and removal of property belonging to Hillcrest Hospital.

{¶3} Zuccaro filed an application for unemployment compensation benefits that were allowed by the Ohio Department of Job and Family Services ("ODJFS"). That decision was appealed by CCHS and the matter proceeded to a hearing before the Unemployment Compensation Review Commission. Testimony was provided by Zuccaro, his direct supervisor and a CCHS Protective Services police inspector. The Review Commission reversed the ODJFS's redetermination and concluded that Zuccaro was discharged by CCHS for just cause in connection with his work.

{¶4} Zuccaro then filed an appeal in the Cuyahoga County Court of Common Pleas. The trial court affirmed the decision of the Review Commission, concluding that the Review Commission's finding that Zuccaro was terminated for just cause was not "unlawful, unreasonable or against the manifest weight of the evidence."

**{¶5}** Zuccaro now appeals, raising the following three assignments of error for review:

Assignment of Error I

No evidence of theft of money was ever presented; it is therefore error for the court to have affirmed a ruling based on that unreasonable conclusion.

Assignment of Error II

When an employee is terminated for theft, as a matter of law there must be some proof a theft occurred, committed by the employee.

Assignment of Error III

Where a claimant has shown that he was not terminated for the only offense alleged by employer, and has stated he was terminated per a reduction in force, claimant has established eligibility.

**{¶6}** Because Zuccaro's assignments of error present interrelated issues of law and fact, we address them together.

**{¶7}** R.C. 4141.282(H) governs the standard of review for decisions made by the Review Commission that applies to all appellate courts. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 697, 1995-Ohio-206, 653 N.E.2d 1207. The statute provides that the common pleas court shall reverse the commission's decision only if it finds "that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). Appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, but they do have the duty to determine whether the Review Commission's decision is supported by the evidence in the record. *Tzangas* at 696, citing *Irvine v.*

*Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17-18, 19 Ohio B. 12, 482 N.E.2d 587 (1985). "[A] reviewing court may not reverse the commission's decision simply because 'reasonable minds might reach different conclusions.'" *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, 951 N.E.2d 1031, ¶ 20, quoting *Irvine,* 19 Ohio St.3d at 18.

{¶8} In order to be eligible for unemployment compensation benefits, Zuccaro must satisfy the criteria in R.C. 4141.29(D)(2)(a) which provides that no individual may be paid benefits if the individual has been discharged for just cause in connection with the individual's work. *Briggs v. Cleveland Clinic Health Sys.*, 8th Dist. Cuyahoga No. 99654, 2013-Ohio-4045, ¶ 9. Just cause has been defined as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Id.*, quoting *Peyton v. Sun T.V.*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975).

{¶9} Whether just cause exists is unique to the facts of each case. *Irvine,* 19 Ohio St.3d at 18. The factual questions are primarily within the province of the referee and the board and this court has limited power of review. *Id.* It, therefore, follows that the lower court's judgment will be affirmed if the evidence supports the claim that Zuccaro was terminated through his own fault. *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 37, citing *Milyo v. Bd. of Rev., Ohio Bur. of Emp. Serv.*, 8th Dist. Cuyahoga No. 60841, 1992 Ohio App. LEXIS 3921 (July 30, 1992).

{¶10} In the present case, CCHS maintained that Zuccaro was terminated due to theft and removal of property belonging to Hillcrest Hospital. Zuccaro argues that CCHS failed to introduce evidence of a theft and that he was instead terminated due to a reduction in the work force.

{¶11} Although Zuccaro argues that CCHS failed to present evidence to support all the elements of a criminal theft offense, we note that our review in this case is not as that of a criminal case where a defendant challenges the sufficiency of the evidence presented to support a conviction. "The standard of proof necessary to support a finding of dismissal for just cause is substantially less than that required for a criminal conviction." *Cross v. Jon-Jay Assocs.*, 5th Dist. Ashland No. 2005-COA-006, 2005-Ohio-3781, ¶ 11, citing *Nordonia Hills City School v. Unemp. Comp. Bd.*, 11 Ohio App.3d 189, 463 N.E.2d 1276 (9th Dist.1983). "The critical issue is not whether an employee has technically violated some company rule, but * * * whether the employee, by his actions, [has] demonstrated an unreasonable disregard for his employer's best interests." *Kiikka v. Ohio Bur. of Emp. Servs.*, 21 Ohio App.3d 168, 169, 486 N.E.2d 1233 (8th Dist.1985).

{¶12} "The determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act." *Irvine*, 19 Ohio St.3d at 18. The Act was "intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." *Id.*, quoting

*Salzl v. Gibson Greeting Cards*, 61 Ohio St.2d 35, 39, 399 N.E.2d 76 (1980); *Case W. Res. Univ. v. Statt*, 8th Dist. Cuyahoga No. 97159, 2012-Ohio-1055, ¶ 8. The record herein contains reliable evidence that Zuccaro was terminated for just cause as a result of his own actions. Bob Kwiat, a police inspector with CCHS' Protective Services Department conducted an investigation into employee thefts of scrap from CCHS dumpsters. He testified that as a result of another employee implicating Zuccaro in a theft of CCHS scrap materials, he interviewed Zuccaro. Zuccaro admitted to Kwiat that, along with another employee, he had taken scrap from CCHS and turned it in for their own profit. Zuccaro provided Kwiat with a written statement consistent with this on October 24, 2012.

{¶13} Zuccaro testified that he did not remove scrap from dumpsters designated as off limits but only collected scrap from a dumpster that was designated as trash and for which CCHS had no further use. His testimony, however, contradicted that of Kwiat, who testified that the co-employee stated during the investigation that they would take scrap that belonged to the Clinic. Kwiat testified that Zuccaro admitted this as well during his interview with him.

{¶14} The documentary evidence supports Kwiat's testimony. Although Zuccaro's written statement does not explain the source of the scrap, it did provide the following account:

> On or about 2009 myself and [the co-employee] would take scrap from Hillcrest Hospital to All City scrap yard on St. Clair Ave. for the purpose of getting cash for the hospital. There were a few times we would put a little aside for ourselfs [sic] and share the profits. To the best of my

recollection I don't think I was given any more than $250 — on the high side for my participation.

{¶15} Furthermore, during the appeals process with CCHS, Zuccaro submitted a letter in support of his efforts to get his job back. The letter included the following statements:

* * * I made a mistake which I deeply and sadly regret.

I admit to my fault and would sincerely like to be given another chance. * * *

{¶16} Although conflicting testimony was presented regarding the source of the scrap that was converted into funds and that Zuccaro admits that he retained,[1] it is not the place of this court to make factual findings or to determine the credibility of witnesses.

{¶17} Accordingly, we find that the trial court did not err in affirming the commission's decision. The record contains competent, credible evidence to support a conclusion that Zuccaro engaged in conduct detrimental to CCHS and was terminated for just cause.[2] Zuccaro is not entitled to unemployment compensation benefits. His three assignments of error are overruled.

---

[1]We find no merit to Zuccaro's attempt to distinguish theft of the scrap material from theft of monies belonging to CCHS. The record reflected that as part of Zuccaro's job duties he was required to load scrap and transport it along with his co-employee to the scrap yard where they received payment for the scrap. The money received belonged to CCHS and whether the review commission found Zuccaro engaged in a theft of scrap or money is a distinction without merit under the circumstances.

[2]We note that the record contains absolutely no evidence in support of Zuccaro's contention that he was terminated as a result of a reduction in force.

**{¶18}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR