OPINION
{¶ 1} Plaintiff-appellant, Mary Rose Gossard, appeals the judgment of the Hardin County Court of Common Pleas, holding that appellant quit her job without "just cause" and finding her ineligible for unemployment benefits.
 {¶ 2} In response to a newspaper advertisement, appellant interviewed for a job as a programmer with Ace Software in the summer of 2000. During the interview, Michael Uhrin (hereinafter "Uhrin"), president of Ace Software, told appellant that he was looking to hire someone who could eventually take over management of the company and expressed his interest in appellant for such a position. After salary negotiations, appellant was hired on June 30, 2000 as a programmer. Appellant was also given supervisory responsibilities. She worked in this capacity until February 2001, when Ace Software went through a reorganization. After the reorganization, appellant was given the title of "Vice President of Programming."
 {¶ 3} Ace Software was again reorganized in June 2001 at which time it was announced that appellant would become the "Chief Technical Officer" and would have increased supervisory responsibilities. The reorganization, however, was met with protest by some employees of the company who opposed appellant's appointment. As a result of the employees' opposition, Uhrin announced that appellant would be made "Programmer in Charge of Special Projects", but Uhrin would handle all of the internal supervision of the employees. Appellant agreed to the special projects position and continued in this capacity for approximately the next six months.
 {¶ 4} The weekend of January 12-13, 2002, appellant and other employees were scheduled to work. However, only appellant and one other employee reported to work. It was at this point, appellant testified, that she realized she no longer had supervisory authority over other employees. After completing her shift on Sunday, January 13, appellant left a letter of resignation under Uhrin's door. Appellant's letter of resignation stated that the company was suffering from a lack of effective management and that employees were asked to meet impossible expectations and deadlines.
 {¶ 5} On January 22, 2002, appellant applied for unemployment compensation benefits with the Ohio Department of Job and Family Services (hereinafter "ODJFS"). In her application, appellant stated the following as her reasons for resigning: scheduled pay raises were never received, scheduled performance reviews were never completed, position changed without acknowledgement, and unrealistic expectations and deadlines were imposed. On February 21, 2002, ODJFS determined that appellant quit her job without just cause and denied her unemployment benefits. Appellant appealed the decision to the Unemployment Compensation Review Commission (hereinafter "Commission").
 {¶ 6} On April 18, 2002, following a hearing, the Commission affirmed the decision of the ODJFS, finding that appellant did not have just cause to quit her employment. Appellant requested further review by the Commission, which was denied. Therefore, pursuant to R.C. 4141.282, appellant appealed the Commission's decision to the common pleas court.
 {¶ 7} Following briefing of the issue and arguments of the parties, the trial court entered its judgment March 9, 2004, affirming the decision of the Commission. It is from this decision that appellant appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The judgment entry of the trial court is unreasonable based onthe facts of the evidence presented.
 {¶ 8} R.C. Chapter 4141 sets forth the statutory framework for unemployment benefits. R.C. 4141.282(H) requires a common pleas court to uphold a decision of the Unemployment Compensation Review Commission unless the decision is found to be unlawful, unreasonable, or against the manifest weight of the evidence. In reviewing the Review Commission's decision, an appellate court must apply the same standard of review as the lower court.Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, paragraph one of the syllabus. "While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record." Id. at 696. As a court of review, we are constrained to make our decision based solely on the evidence developed at the administrative level and on the applicable law.
 {¶ 9} Appellant claims that the trial court erred in determining that she was without just cause to quit her employment. R.C. 4141.29(D)(2)(a) provides that an individual is not eligible for unemployment benefits if "the individual quit work without just cause * * *." The Supreme Court of Ohio inIrvine v. Unemployment Comp. Bd. of Rev. (1985),19 Ohio St.3d 15, defined "just cause" as "that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." Id. at 17, quoting Peyton v. Sun T.V.
(1975), 44 Ohio App.2d 10, 12.
 {¶ 10} In the case sub judice, the Commission found that despite Ace Software's reorganization, appellant continued to work in a programming capacity for the same salary at which she was hired. Moreover, the Commission found that after appellant agreed to the special projects position, she worked for six months before choosing to quit. The Commission, therefore, determined that appellant quit work without just cause.
 {¶ 11} The trial court, on review of the Commission's decision, found that the terms and conditions of appellant's employment had changed and that by the time she resigned she no longer had the supervisory responsibilities that were given to her when she was hired. However, the trial court further determined that it was six months after the company's reorganization, wherein her duties as supervisor had been eliminated, before appellant quit her employment. The trial court determined that appellant did not have just cause to quit her employment and denied her application for unemployment compensation benefits.
 {¶ 12} Appellant argues that the evidence does not support the trial court's judgment. Appellant specifically contends that Uhrin communicated to her that they would continue to run the company together. Only when all of the employees were scheduled to work overtime and only appellant and one other employee reported to work, she argues, did she realize she no longer had any authority over other employees.
 {¶ 13} In support of her argument, appellant relies on SachsCorp. of U.S.A. v. Rossmann (1983), 9 Ohio App.3d 188. InSachs, the Eighth Appellate District determined that when an executive has been employed under a contract involving significant supervisory responsibilities and those responsibilities are taken away from the executive, wherein he continues to hold his office as a formality only, the employee's resignation shall be deemed to be with "just cause." Id. at paragraph one of the syllabus. We, however, recognize a distinction between appellant's circumstances and those of the employee in Sachs.
 {¶ 14} First, appellant was not hired with significant
supervisory responsibilities. Although when appellant was hired she was given supervisory duties, it was clear that her duties were limited. It was only after Ace Software's reorganization in June 2001, a year after she was hired, that appellant was given the responsibility of supervising all the internal functions and employees.
 {¶ 15} Next, the employee in the Sachs case had all of the responsibilities set forth in his contract eliminated. In essence, his position no longer existed. The appellant herein, conversely, remained "Programmer in Charge of Special Projects." Appellant's responsibility of internal supervision of the employees was eliminated, but she retained the responsibility of overseeing all of the company's special projects. Essentially, the terms and conditions of appellant's employment, when hired, remained unchanged. Moreover, appellant did not protest the change of her position to "Programmer in Charge of Special Projects."
 {¶ 16} After review, we hold that the trial court's decision that appellant quit her employment without just cause is not against the manifest weight of the evidence, but is supported by the record. Therefore, we can not find that the trial court acted unreasonably in affirming the decision of the Commission.
 {¶ 17} In reaching our decision, we are cognizant that "[t]he Unemployment Compensation Act is based upon the philosophy that employment and not unemployment is the goal to be attained. Thus, unemployment compensation is not intended for persons who are voluntarily unemployed." Ohio Jurisprudence 3d 92, Unemployment Compensation, Section 1. Although appellant may have had every justification to be disenchanted and frustrated by the lack of support from her co-workers and superiors and by the resulting effect it had upon her supervisory responsibilities, her feelings alone do not, for purposes of the unemployment compensation law, justify voluntarily leaving employment for non-employment. This is particularly true where, as in the case before us, appellant was still performing the basic duties for which she was originally hired and had suffered no diminishment in pay.
 {¶ 18} Conditions which might motivate a person to look for new employment more favorable to one's personal and professional goals and desires do not, for unemployment compensation benefit purposes, necessarily equate to "just cause" to voluntarily terminate one's existing employment. There is no doubt that appellant's disappointment and disillusionment with her employer, co-workers, and lack of professional advancement was real. Further, any decision to voluntarily terminate her employment for those reasons was entirely up to her. Nevertheless, such personal disenchantment, however genuine and justified, is not the trigger that activates unemployment compensation benefits.
 {¶ 19} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.