OWENS, Appellant,

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellees.**

[Cite as *Owens v. Ohio Bur. of Emp. Serv.* (1999), 135 Ohio App.3d 217.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980863.

Decided Sept. 24, 1999.

_Crowley, Frank & Ahlers Co., L.P.A.,_ and _Doris L. Sweetin,_ for appellant.

*Betty D. Montgomery,* Attorney General, and *David E. Lefton,* Assistant Attorney General, for appellee Administrator, Ohio Bureau of Employment Services.

---

*Per Curiam.*

Appellant, Adell Owens, appeals a decision of the court of common pleas affirming a decision of the Unemployment Compensation Review Commission. The commission had denied Owens's claim for unemployment benefits, finding that he had been discharged for good cause due to his violation of his employer's attendance policy.

In his sole assignment of error, Owens states that the trial court erred in affirming the commission's decision. Under this assignment, he raises two arguments that relate to the fairness of the hearing before the commission. He contends that the commission's refusal to grant a continuance was unreasonable because he subpoenaed records from his employer before the hearing and the employer failed to comply with the subpoena. Therefore, he was prevented from presenting evidence essential to his case. He also argues that the commission did not give him the opportunity to respond to evidence submitted by the employer after the hearing. We find this assignment of error to be well taken.

R.C. 4141.28(J) provides:

"When an appeal from a determination of the administrator is taken to the commission at the hearing officer level, all interested parties shall be notified and the commission, after affording such parties reasonable *opportunity for a fair hearing,* shall affirm, modify, or reverse the determination of the administrator in the manner that appears just and proper. * * * In the conduct of a hearing by a hearing officer or any other hearing on appeal to the commission which is provided in this section, the hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. The hearing officers shall take any steps in the hearings, consistent with the impartial discharge of their duties, which appear reasonable and necessary to ascertain the facts and determine whether the claimant is entitled to benefits under the law."

Similarly, Ohio Adm.Code 4146–7–02 provides:

"The [Review Commission] and [Hearing Officers] shall conduct hearings and other proceedings in a case *in such order and manner* and shall take any steps consistent with the impartial discharge of their duties which appear reasonable and necessary to ascertain all relevant facts and to render a fair and complete decision on all issues which appear to be presented. * * * [E]ach interested party and his representative shall have all *rights of fair hearing, including the right of examination and cross-examination of witnesses, the right to present*

testimony and other evidence, the right to inspect and examine documents, files, reports and records received in evidence, the right to present testimony and other evidence in explanation and rebuttal, the right to subpoenas for witnesses and documentary evidence and the right to present argument."

It goes on to state that "[o]n its own motion, or upon the showing of good cause by an interested party, or whenever it appears that such action is necessary to afford the claimant or employer a reasonable opportunity for a fair hearing, the [Review Commission] or [Hearing Officer] may adjourn or continue a hearing to another time or place." Ohio Adm.Code 4146–7–02(D).

The hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general. *Nordonia Hills City School Dist. Bd. of Edn. v. Unemp. Comp. Bd. of Rev.* (1983), 11 Ohio App.3d 189, 190, 11 OBR 283, 283–285, 463 N.E.2d 1276, 1279; *Dragoo v. Unemp. Comp. Bd. of Rev.* (Mar. 29, 1994), Franklin App. No. 93AP–980, unreported, 1994 WL 109716. Nevertheless, while the hearing officer is not bound by technical rules of procedure, the object of the hearing is to ascertain the facts that may or may not entitle the claimant to unemployment benefits. *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 43, 23 O.O.3d 57, 58–59, 430 N.E.2d 468, 470; *Nordonia Hills, supra,* 11 Ohio App.3d at 190, 11 OBR at 283–285, 463 N.E.2d at 1278–1279. When the evidence offered would provide some insight into the very subject of the dispute, this discretion is tempered by the need for a conscious effort on the part of the hearing officer to allow each side to present available evidence that would aid in the determination of the issues. The parties must be afforded a reasonable opportunity to be heard. *Id.,* at 190–191, 11 OBR at 283–286, 463 N.E.2d at 1279; *Metzenbaum v. Unemp. Comp. Bd. of Rev.* (Sept. 4, 1997), Cuyahoga App. No. 72233, unreported, 1997 WL 547831; *Peters v. Riverview Publications, Inc.* (Oct. 29, 1987), Franklin App. No. 86AP–1012, unreported, 1987 WL 19187.

Prior to the hearing before the commission, a subpoena had been issued at Owens's request to his employer for any and all of Owens's approved vacation requests for 1997. These documents were central to Owens's contention that he had not violated his employer's attendance policy. At the hearing, Owens's counsel notified the hearing officer that she had not received the documents that had been subpoenaed, and the hearing officer verified that the subpoena had been issued. The employer's representative indicated that he had been made aware of the subpoena through a telephone conversation with Owens's counsel the week prior to the hearing. He stated that his company had not complied with the subpoena because the company had not actually received it yet. The hearing officer denied Owens's request for a continuance.

Because of the hearing officer's failure to grant a continuance and to enforce the subpoena, Owens was denied the opportunity to produce evidence essential to his claim. Owens was prejudiced because he had no other method to get that evidence before the hearing officer. The hearing officer could not simply disregard evidence in the hands of the employer that the claimant had properly subpoenaed and that the employer had failed to provide. See Ohio Adm.Code 4146–15–01; *Cain v. Ohio Bur. of Emp. Serv.* (Aug. 5, 1999), Cuyahoga App. No. 74386, unreported, 1999 WL 588234. Consequently, the hearing officer's actions denied Owens a fair hearing. See *Corbin v. Ohio Bur. of Emp. Serv.* (1991), 77 Ohio App.3d 626, 629–630, 603 N.E.2d 266, 268; *Valdez v. Spud's Auto Parts* (Dec. 11, 1998), Lucas App. No. L–98–1105, unreported, 1998 WL 852288; *Herrell v. Ohio Dept. of Transp.* (Apr. 28, 1987), Lawrence App. No. 1797, unreported, 1987 WL 10367.

■ Further, the hearing officer allowed the employer to submit a document into evidence after the hearing that it had failed to bring to the hearing. The hearing officer gave Owens no opportunity to respond to this evidence, the authenticity of which was in dispute. In his decision, the officer relied on this evidence in finding that Owens was fired for just cause. Thus, the hearing officer did not afford Owens an opportunity to present rebuttal evidence essential to his case. He denied Owens a fair hearing and, in so doing, abused his discretion. *Perry v. Buckeye Comm. Serv.* (1988), 48 Ohio App.3d 140, 142–143, 548 N.E.2d 1308, 1311; *Herrell, supra.*

■ A reviewing court may reverse the commission's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 696–697, 653 N.E.2d 1207, 1210; *Allen v. Ohio Bur. of Emp. Serv.* (May 14, 1997), Hamilton App. No. C–960705, unreported, 1997 WL 249438. In this case, because the proceedings before the commission failed to meet the fair-hearing requirements of R.C. 4141.28(J) and Ohio Adm.Code 4146–7–02, its decision is unlawful and must be reversed. Accordingly, we sustain Owens's assignment of error, reverse the decision of the common pleas court affirming the commission's decision, and remand the matter for a new hearing before the commission.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., HILDEBRANDT and GORMAN, JJ., concur.