[Cite as *Deidrick v. Best Buy Stores, LP, et al.*, 2011-Ohio-1999.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

JOHN R. DEIDRICK,

      PLAINTIFF-APPELLANT,               CASE NO. 5-10-32

      v.

BEST BUY STORES LP, ET AL.,          O P I N I O N

      DEFENDANTS-APPELLEES.

Administrative Appeal from Hancock County Common Pleas Court,
Trial Court No. 2009CV00716

**Judgment Affirmed**

Date of Decision: April 25, 2011

APPEARANCES:

    *John R. Deidrick*, Appellant

    *Michael DeWine and Eric A. Baum* for Appellee

Case No. 5-10-32

**WILLAMOWSKI, J**.

{¶1} Plaintiff-Appellant, John R. Deidrick ("Deidrick"), pro se, appeals the judgment of the Hancock County Court of Common Pleas affirming the decision of Defendant-Appellee, the Ohio Unemployment Compensation Review Commission ("Review Commission"), finding that Deidrick was discharged for just cause from his employment with Defendant-Appellee, Best Buy Stores, LP ("Best Buy"). On appeal, Deidrick contends that the trial court erred in affirming the decision because he claims that he was denied his right to have witnesses on his behalf participate in the review hearing. For the reasons set forth below, the judgment is affirmed.

{¶2} Deidrick was employed by Best Buy from August 16, 2006 until January 20, 2009, as a general warehouse worker at the Findlay distribution center. Best Buy has an attendance policy that provides for termination after an employee receives three "Level C" warnings during a rolling twelve-month period. Employees receive points[1] for violating Best Buy's attendance policies, which will escalate to a Level C warning after receiving nine points. Failure to call in when absent results in an automatic Level C warning. Deidrick was

---

[1] Deidrick's supervisor testified that an employee would receive one point any time that a full day of work was missed, if the employee calls off and notifies Best Buy. If the employee leaves early, or misses a punch-in or punch-out, the employee receives a half-point.

terminated on January 20, 2009, for violating Best Buy's attendance policy and receiving an unacceptable number of points and warnings.

{¶3} In February 2009, Deidrick applied for unemployment compensation and his claim was approved, entitling him to receive $336 per week. Best Buy had originally contested Deidrick's right to receive unemployment compensation, but the Office of Unemployment Compensation allowed Deidrick's claim because the material submitted by Best Buy contained only general information, without any specific dates or incidents. On March 16, 2009, Best Buy appealed the decision and also sent numerous documents supporting its position. Its stated reasons for the appeal were:

> **The claimant was discharged for unacceptable attendance. On 1/13/2009 the claimant did not call or report for his scheduled shift. The claimant was placed on Level C on 7/10/08 when he did not call or report for his scheduled shift on 7/8/08. The claimant had been warned and was aware the job was in jeopardy. The claimant was aware of the attendance policy upon hire. The claimant's exhibited pattern of disregard for the employer's attendance policy despite numerous warnings showed a willful disregard for the best interest of not only the employer but also created an undue hardship for coworkers. \*\*\*** (ODJFS Notice issued 3/20/2009.)

{¶4} Deidrick was informed of this appeal and given five days to submit a reply. Deidrick mailed a timely reply stating his reasons for disagreeing with Best Buy's claims. He claimed that: Best Buy should not have counted an August 2008 absence as a "no call no show" because he claimed he did call; some of his

points for missed punches were the results of malfunctioning time clocks; he attempted to call in on the date of his final January 2009 "no call no show" but couldn't get through; and, he was given contradictory advice from Best Buy as to whether his absences in January 2009 would result in termination or whether it might be covered by Family Medical Leave Act ("FMLA") leave.[2]

{¶5} A "Director's Redetermination" was issued on April 3, 2009, upholding Deidrick's eligibility. On April 24, 2009, Best Buy again appealed the decision and requested a telephone hearing. The matter was then transferred to the Review Commission.

{¶6} On May 6, 2009, the Review Commission sent a Notice to both Deidrick and Best Buy informing them that the appeal had been transferred; that the matter would be scheduled for a hearing as early as possible; and, that the parties would receive a notice of the time and date of the hearing. The Notice also directed the parties' attention to additional information enclosed, stating "**IMPORTANT:  Please read the information enclosed with this document.**" The enclosed information informed the parties that a telephone hearing would be held and included detailed instructions to the parties for the telephone hearing, including information concerning preparation for the hearing, how to obtain

---

[2] Deidrick did apply for FMLA leave, but not until *after* the fact, after he had returned to work, and after he had already violated the attendance policy and incurred his third Level C warning.

subpoenas, the procedure for submitting documents, and other pertinent information.

{¶7} The instructions for requesting "Subpoenas" stated that:

> **Each party may request the issuance of subpoenas to require the attendance of necessary witnesses or the production of necessary documents. A request for subpoenas should be made as soon as possible. <u>You need not wait for a scheduled hearing date before making your request for subpoenas.</u> The request must be received by the commission at least five (5) calendar days prior to the hearing to allow sufficient time for service. \*\*\***

(Emphasis sic – the underlined sentence was written in boldface type.) The notice further stated that requests for subpoenas could be submitted to the Commission in writing, by telephone, or by FAX. If a party had any documents or written materials that had not previously been submitted, copies of those documents "**MUST BE SENT TO ALL PARTIES AND THEIR REPRESENTATIVES \*\*\* AND TO THE COMMISSION.**" The documents had to be received within fourteen days after the Notice was mailed. Failure to send the documents as instructed "**MAY RESULT IN THE DOCUMENTS NOT BEING CONSIDERED BY THE HEARING OFFICER.**"[3]

{¶8} On July 7, 2009, the Review Commission mailed a "Notice of Hearing" to the parties stating that the telephone hearing had been scheduled for

---

[3] In his appeal before the trial court, Deidrick attempted to introduce some documentation concerning his FMLA leave and other matters in support of his position. However, these documents were never submitted to the Review Commission as required, so they were not a part of the record.

July 16, 2009 at 1:00 p.m., and further instructions concerning the telephone hearing were included. Deidrick contends that he did not receive the hearing notice until late on Friday, July 10th, when it was too late to call for subpoenas. By the time he called the Review Commission on Monday, July 13th, there was insufficient time to obtain subpoenas for his witnesses.

{¶9} On July 16th, the Review Commission conducted the telephone hearing. Best Buy was represented by Pam Newson of Unemployment Services, LLC, and had one witness present: Kylene Shifeley ("Ms. Shifeley"), who was Best Buy's Warehouse Supervisor. Deidrick appeared and represented himself. The sole issue to be determined was whether Deidrick was discharged with or without just cause. The hearing officer questioned Ms. Shifeley and Deidrick, and then each party had the opportunity to cross-examine the witnesses.

{¶10} On July 17, 2009, the Review Commission issued its decision finding that Best Buy discharged Deidrick with just cause and that Deidrick was not entitled to receive any unemployment benefits. Deidrick was informed of his appeal rights before the U.C. Review Commission. On July 29, 2009, his request for review was disallowed and Deidrick was informed of his appeal rights before the court of common pleas pursuant to R.C. 4141.282.

{¶11} Deidrick timely appealed to the Hancock County Court of Common Pleas, claiming that the Review Commission's decision was erroneous and that the

Review Commission failed to allow him the opportunity to provide witnesses to rebut Best Buy's allegations and to support his case. On October 7, 2010, the trial court issued its decision, affirming the Review Commission's decision.

{¶12} Deidrick now appeals to this Court, raising the following assignment of error.

### Assignment of Error

**The Assignment of Error in this Appeal is limited in general to the fact that [Deidrick] was not permitted witnesses.**

{¶13} In his sole assignment of error, Deidrick claims that he was deprived of the opportunity to subpoena witnesses for the July 16, 2009, administrative review hearing on his case. Deidrick contends that he did not receive sufficient notice of the hearing to allow him enough time to request subpoenas for his witnesses. He claims that if he would have been able to use local distribution and corporate headquarter personnel witnesses, he would have been able to prove that: Best Buy has faulty record keeping and bad management practices; Best Buy's time clocks malfunction; employees do not receive copies of Best Buy's policy handbook; and Deidrick's time off was supposed to be covered by a FMLA leave.

{¶14} R.C. Chapter 4141 sets forth the statutory framework for unemployment compensation determinations and decisions. R.C. 4141.282(H) requires a common pleas court to uphold a decision of the Unemployment

Compensation Review Commission unless the decision is found to be unlawful, unreasonable, or against the manifest weight of the evidence. *Daido Metal Bellefontaine, L.L.C. v. Ohio Dept. of Job & Family Servs.*, 180 Ohio App.3d 537, 2009-Ohio-86, 906 N.E.2d 458, ¶14. An appellate court must apply the same standard of review as the lower court. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.* 73 Ohio St.3d 694, 1995-Ohio-206, 653 N.E.2d 1207, at paragraph one of the syllabus. A reviewing court is constrained to make its decision based solely on the evidence developed at the administrative level and on the applicable law. *Daido* at ¶14; *Gossard v. Ohio Dept. of Job & Family Servs.*, 3rd Dist. No. 6-04-06, 2004-Ohio-5098, ¶8.

{¶15} "The principles of due process in administrative hearings shall be applied to all hearings conducted under the authority of the [review] commission. *** Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully *** develop the record." R.C. 4141.281(C)(2); *Dragon v. Ohio Unemployment Review Com'n*, 11th Dist. No. 2005-A-0017, 2006-Ohio-1447, ¶21. Ohio Adm.Code 4146-7-02 provides that the commission and hearing officers shall conduct hearings in such order and manner and shall take any steps consistent "with the impartial discharge of their duties which appear reasonable and necessary to ascertain all relevant facts and to render a fair and complete decision on all issues which appear to be presented."

**{¶16}** The hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general. *Owens v. Ohio Bur. of Emp. Serv.* (1999), 135 Ohio App.3d 217, 220, 733 N.E.2d 628. The Ohio Administrative Code empowers a review commission to issue subpoenas for witnesses or documents, but it also provides that "the party's request should be filed with the review commission at least five calendar days in advance of the date of the hearing in order to allow sufficient time for preparation and service of the subpoenas." Ohio Adm.Code 4146-15-01. The failure to allow a party to present witnesses or otherwise develop their case may be grounds for reversing the decision of the review commission. *Owens*, 135 Ohio App.3d at 219-221 (subpoena for documents was issued well before the time of the hearing, but the employer failed to provide the requested documents and the hearing officer did not grant a continuance). But, see, *Harrison v. Penn Traffic Co.*, 10th Dist. No. 04AP-728, 2005-Ohio-638, ¶¶22-26 (hearing officer's failure to issue subpoenas was not reversible error when former employee did not request a postponement or object when hearing officer determined that documents were not material to his decision to deny benefits, former employee did not attempt to proffer into the record what the evidence would have tended to prove, and some of the evidence presented at the hearing duplicated contents of the subpoenaed files).

{¶17} Deidrick is not appealing the Review Commission's decision that his discharge was for "just cause." He is only asserting that he "was not permitted witnesses" to support his claims. We do not find that the facts in the record support Deidrick's claims.

{¶18} Although Deidrick may not have received the "Notice of Hearing" until shortly before the hearing date, the "Notice That Appeal Has Been Transferred" was mailed to Deidrick on May 6, 2009. This Notice indicated that a hearing date had not yet been scheduled but that the recipient should read the "important instructions" attached. These attached instructions clearly informed Deidrick, in bold face type, that he "need not wait for a scheduled hearing before making [a] request for subpoenas" and that the request for subpoenas must be received by the Review Commission at least five days before the hearing date. This provided Deidrick with sufficient time to request subpoenas prior to his hearing. The Review Commission did not deprive Deidrick of the opportunity to call witnesses; it was Deidrick who failed to follow the required procedures to subpoena his own witnesses.

{¶19} Furthermore, Deidrick claimed that there were numerous co-workers who could verify his testimony. If that was the case, he could have requested these employees to testify without a subpoena. The Notice of Hearing that was

mailed on July 7, 2009, repeated the previously given instructions concerning the issuance of subpoenas and it further provided that:

> **Each party should be prepared to present all relevant evidence and all necessary witnesses. If you wish to present witnesses:**
>
> **1.   Notify them of the time and date of the hearing**
> **2.   Arrange for each witness to be with you at the time of the hearing or at a telephone which will take incoming calls.**

If a party had witnesses, the party was instructed to inform the Review Commission of the telephone number where the witnesses could be reached when the party called in, and then the hearing officer would call the witnesses. A party was not required to request a subpoena in order to have a witness testify.

{¶20} Furthermore, Deidrick did not request a continuance of the hearing in order to obtain subpoenas. In fact, he did not even bring the matter to the hearing officer's attention until the hearing was well under way, even though the hearing officer gave everyone an opportunity to ask questions or make comments before they started. Neither did Deidrick specify who he intended to subpoena, or exactly what evidence he had. The only witness he specifically stated that he had intended to subpoena was his supervisor, Ms. Shifeley. Ms. Shifeley was already participating in the hearing and Deidrick had the opportunity to cross-examine her.

{¶21} Deidrick himself was able to testify concerning all the issues in controversy. The hearing officer heard the testimony of both Ms. Shifeley and

Deidrick. Although Deidrick stated that he could have brought in employees who would have supported his claim that Best Buy did not provide handbooks to the employees, Best Buy provided a document signed by Deidrick stating that he had received a copy of the handbook, and Deidrick testified that he had been told about the policies. Deidrick also had the opportunity to explain his position concerning the August 2008 absence. Ms. Shifeley generally agreed with Deidrick's rendition of the facts, but explained why the absence still counted as a Level C warning under Best Buy's policies. Even if Deidrick had subpoenaed witnesses to provide corroborating testimony, there was still ample evidence in the record to support the Review Commission's decision in favor of Best Buy.

{¶22} Deidrick was responsible for providing the witnesses for his case. He was clearly and timely advised of the procedures that needed to be followed in order to subpoena witnesses but he failed to follow those procedures. Furthermore, he did not ask for a continuance and he did not attempt to provide any other evidence in support of his case, i.e., documents or witnesses who did not need to be subpoenaed. The only specific witness he named that he had intended to subpoena, Ms. Shifeley, was at the hearing and available for cross-examination. Based on all of the above, Deidrick's assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/jlr**