McFarland, J.
{¶ 1} Jonathan D. Freed appeals the Hocking County Court of Common Pleas' decision affirming the Unemployment Compensation Review Commission's decision allowing his unemployment compensation benefits, but reducing them to zero based upon its determination that Appellant received deductible remuneration in the form of separation pay that exceeded *53 the amount of the weekly unemployment compensation benefits he would have received upon his termination from employment for lack of work with Appellee, Ed Map, Inc. On appeal, Appellant contends that 1) the Unemployment Compensation Review Commission erred in its findings of facts; 2) the Unemployment Review Commission erred in its construction of R.C. 4141.31(A)(4) which covers benefits reduced by remuneration; 3) the Unemployment Review Commission erred when it denied him due process by refusing to issue properly requested subpoenas for relevant and non-cumulative evidence, and 4) both the Unemployment Review Commission and the trial court denied him due process by failing to provide a meaningful opportunity to be heard.
{¶ 2} Because we have concluded, under Appellant's third assignment of error, that the Review Commission's failure to issue subpoenas for witnesses and documents, which were properly and timely requested by Appellant, was an abuse of discretion that resulted in the denial of due process to Appellant, the decision of the trial court affirming the determination of the Review Commission is reversed, and this matter is remanded for further proceedings consistent with this opinion. Further, in light of our disposition of Appellant's third assignment of error, the arguments raised under Appellant's first, second and fourth assignments of error have been rendered moot. Accordingly, we do not address them. Lastly, Appellant has filed a "Motion for Omission of Financial Amounts in Court's Documents" and "Objection to Treatment of Motion to Extend Time as Motion to Strike." The record shows no opposing memorandums were filed. As such, the Court grants the Motion for Omission of Financial Amounts and denies the Motion to Strike.
FACTS
{¶ 3} Appellant, Jonathan Freed, became employed by Appellee, Ed Map, Inc., on January 27, 2014. His job title and job duties are unknown, as Appellant declined to provide that information during the proceedings below. Ed Map, Inc. terminated Appellant's employment on April 28, 2015, due to lack of work, and presented Appellant with a proposed "Severance Agreement and Release" the same day. Appellant made changes to the document, signed and dated the document on April 28th and provided it back to Ed Map, Inc. for acceptance and approval. Ed Map, Inc. thereafter accepted Appellant's changes and signed the document without dating it; however, email evidence proffered into the record by Appellant indicates the agreement was signed by Ed Map, Inc. and finalized the next day, on April 29, 2015.
{¶ 4} Appellant filed an application for determination of benefit rights, which was allowed, with a benefit year beginning on May 10, 2015. Specifically, a finding was made that Appellant was unemployed due to lack of work, but that because severance pay he received had equaled or exceeded his weekly benefit amount, he was not entitled to benefits per R.C. 4141.31 for this period. Appellant appealed the decision to the Ohio Department of Job and Family Services. The Director of Ohio Department of Job and Family Services (ODJFS) issued a redetermination on June 25, 2016, affirming the initial determination, noting that the claim was allowed, but stating severance pay received by Appellant to be received between May 3, 2015 and August 15, 2015 equaled or exceeded his unemployment compensation weekly benefit, and Appellant therefore was not entitled to benefits.
{¶ 5} Appellant appealed the Director's redetermination, stating in his notice of appeal that the calculation of his total base *54 wages was incorrect, and that there had been an incorrect finding he had received severance pay as defined in R.C. 4141.31. Appellant further noted that he did not agree to be separated from his employment and that the pay received was not for ending his employment, but rather was in exchange for a release of a claim of promissory estoppel. Appellant thereafter filed a brief in support of his appeal. Appellant did not appeal the reason for separation from employment. Both Appellant and Ed Map, Inc. agree that Appellant was discharged for lack of work. On July 17, 2015, ODJFS transferred jurisdiction to the Unemployment Compensation Review Commission.
{¶ 6} On July 22, 2015, a notice of hearing was filed, stating a telephone hearing would be held on August 4, 2015. Appellant then filed a request for subpoenas on July 26, 2015. The request for subpoenas presented a conditional request for both documents and witnesses, which will be discussed in more detail below. Further, because Appellant requested an in-person hearing, the telephone hearing was cancelled and an in-person hearing was scheduled on August 24, 2015.
{¶ 7} Appellant appeared at the hearing pro se. Ed Map, Inc. did not appear at the hearing.[2] When it became apparent that no employer representative would attend and that documents and witnesses that were the subject of the subpoenas were not there, Appellant raised an objection and requested a continuance. Appellant was permitted to testify, proffer evidence and admit exhibits.
{¶ 8} A decision was issued by the Unemployment Compensation Review Commission on August 31, 2015. Ultimately, the Commission modified the Director's redetermination with regard to the total gross remuneration during the base period of Appellant's employment with Ed Map, Inc. and ordered ODJFS to reflect the increase in gross wages with Ed Map, Inc. in its records. However, the Commission affirmed the Director's redetermination with respect to its finding that Appellant received deductible remuneration in the form of separation pay for the weeks ending May 9, 2015, through August, 8, 2015. As such the Commission disallowed Appellant's claims for those weeks because the remuneration received for each week was greater than the weekly benefit amount. In support of its decision, the Commission reasoned as follows:
"The claimant received payment from Ed Map, Inc., following his separation from employment with the company. The question is whether the payment received was actually 'separation or termination' pay as contemplated by Ohio Revised Code, Section 4141.31(A)(4). If so, the payment would serve to reduce the claimant's unemployment benefits. The Review Commission generally views a standard agreement not to sue an employer as an agreement to a separation, and any payment conditioned on signing that agreement is deemed deductible separation pay. The payment was subject to tax consequences and paid in accordance with the company's normal payroll practices. The payment was properly characterized as separation pay."
{¶ 9} Appellant again appealed the decision, this time to the Hocking County Court of Common Pleas. The trial court, however, issued a general affirmance of *55 the decision of the Unemployment Compensation Review Commission, finding that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant then filed the current appeal with this Court, setting forth for our review the exact four assignments of error raised at the trial court level.
ASSIGNMENTS OF ERROR
"I. THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION ERRORED [SIC] IN ITS 'FINDINGS OF FACT.'
II. THE COMMISSION ERRORED IN ITS CONSTRUCTION OF R.C. 4141.31, 'BENEFITS REDUCED BY REMUNERATION', [SIC] SPECIFICALLY SUBSECTION (A)(4).
III. THE COMMISSION ERRORED [SIC] WHEN IT DENIED CLAIMANT FREED DUE PROCESS BY REFUSING TO ISSUE PROPERLY REQUESTED SUBPOENAS FOR RELEVANT AND NON-CUMULATIVE EVIDENCE.
IV. BOTH THE COMMISSION AND HOCKING COURT ERRORED [SIC] AND DENIED FREED DUE PROCESS BY FAILING TO PROVIDE A MEANINGFUL OPPORTUNITY TO BE HEARD."
STANDARD OF REVIEW
{¶ 10} Unlike most administrative appeals where we employ an abuse of discretion standard, See Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. , 40 Ohio St.3d 257, 260-261, 533 N.E.2d 264 (1988), our review of an appeal from the decision of the Unemployment Compensation Review Commission is identical to that of the common pleas court. We must affirm the Commission's decision unless we find the decision to be unlawful, unreasonable, or against the manifest weight of the evidence. See R.C. 4141.28(N)(1) ; Tzangas, Plakas & Mannos v. Ohio Bur. Of Emp. Serv. , 73 Ohio St.3d 694, 696, 653 N.E.2d 1207 (1995).
{¶ 11} In making this determination, we must give deference to the Commission in its role as finder of fact. We may not reverse the Commission's decision simply because "reasonable minds might reach different conclusions." On close questions, where the board might reasonably decide either way, we have no authority to upset the agency's decision. Irvine v. Unemployment Comp. Bd. of Rev. , 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985). Instead, our review is limited to determining whether the Commission's decision is unlawful, unreasonable or totally lacking in competent, credible evidence to support it. Id.
{¶ 12} R.C. 4141.29(D)(2)(a) provides that an individual may not obtain unemployment benefits if he "has been discharged for just cause in connection with his work." See also Ford Motor Co. v. Ohio Bur. of Emp. Serv. , 59 Ohio St.3d 188, 189, 571 N.E.2d 727 (1991). Here, the parties agree with the initial benefits determination which determined that Appellant was discharged from his employment with Ed Map, Inc. for lack work and was therefore eligible for unemployment compensation benefits. The primary substantive issue in this case is whether R.C. 4141.31(A)(4) was properly applied to reduce the benefits to which Appellant was otherwise entitled, to zero, based upon Appellant's receipt of "remuneration" upon his separation from employment.
ASSIGNMENT OF ERROR III
{¶ 13} We address Appellant's assignments of error out of order, starting *56 with the third assignment of error, because it is dispositive of this appeal. As set forth above, in his third assignment of error Appellant contends that the Commission erred and denied him due process of law by refusing to issue properly requested subpoenas for what Appellant argues was relevant and non-cumulative evidence. Appellee, Director of ODJFS, responds very generally that the hearing officer acted properly in the conduct of the hearing. For the reasons that follow, we disagree with Appellee and find merit in Appellant's assignment of error. As such, we reverse the decision of the Unemployment Compensation Review Commission based upon the basic unfairness of the proceeding which, as Appellant argues, denied his right to due process of law.
{¶ 14} As set forth in Kappan v. Director, ODJFS , 2013-Ohio-4964, 4 N.E.3d 1082, ¶ 12 (11th Dist. 2013), the Supreme Court of Ohio has acknowledged as follows:
"[F]ederal law mandates that state unemployment programs provide an '[o]pportunity for a fair hearing, before an impartial tribunal * * *.' Section 503(a)(3), Title 42, U.S.Code. This statute has been interpreted to impose requirements which are the same as constitutional procedural due process requirements. Camacho v. Bowling (N.D. Ill.1983), 562 F.Supp. 1012, 1020. Hence, any judicial analysis of the state's hearing procedures in this case must be conducted with a fundamental recognition that under the Fourteenth Amendment the cornerstone of due process, in the procedural sense, is the opportunity for a fair hearing. Boddie v. Connecticut (1971), 401 U.S. 371, 378 [91 S.Ct. 780, 28 L.Ed.2d 113]." Quoting Henize v. Giles , 22 Ohio St.3d 213, 215, 490 N.E.2d 585 (1986).
The Kappan court further noted that "Ohio law recognizes that '[h]earing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully * * * develop the record. R.C. 4141.281(C)(2).' " Id. at ¶ 13.
{¶ 15} This Court has also considered due process in the context of administrative hearings held by the Unemployment Compensation Review Commission and has noted "that principles of due process in administrative hearings apply to all hearings conducted under the Commission's authority * * *." Walburn v. ODJFS, et al. , 4th Dist. Pike No. 08CA786, 2009-Ohio-976, 2009 WL 568224, ¶ 17 ; citing R.C. 4141.281(C)(2) ; See also Zellner v. Director, ODJFS, et al. , 5th Dist. Richland No. 14CA26, 2014-Ohio-4662, 2014 WL 5365558, ¶ 14. For instance, in Walburn , we noted in ¶ 17 that R.C. 4141.281 (C)(2) provides as follows:
"In conducting hearings, all hearing officers shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs. Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record. Hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure."
{¶ 16} We further noted in Walburn that because of the "supervisory nature" of the hearing officer's responsibilities, they are best reviewed under an abuse of discretion standard. Id. ; citing Gregg v. SBC Ameritech , 10th Dist. Franklin No. 03AP-429, 2004-Ohio-1061, 2004 WL 422817, ¶ 22. An abuse of discretion *57 involves far more than a difference in opinion. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v. Jenkins , 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984), certiorari denied (1985), 472 U.S. 1032, 105 S.Ct. 3514, 87 L.Ed.2d 643 ; quoting Spalding v. Spalding , 355 Mich. 382, 384-385, 94 N.W.2d 810 (1959) ; Huffman v. Hair Surgeon, Inc. , 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).
{¶ 17} Further, as explained in Zellner, supra , at ¶ 15, " ' "[t]he hearing officer has broad discretion in accepting and rejecting evidence and in conducting the hearing in general." ' ". Citing Howard v. Electronic Classroom of Tomorrow , 10th Dist. Franklin No. 11AP-159, 2011-Ohio-6059, 2011 WL 5878334, ¶ 15 ; quoting Bulatko v. Ohio Dept. of Job & Family Servs. , 7th Dist. Mahoning No. 07 MA 124, 2008-Ohio-1061, 2008 WL 650776, ¶ 11. Thus, " '[t]he hearing officer's discretion is tempered only to the extent that he must afford each party an opportunity to present evidence that provides insight into the subject of dispute.' " Zellner at ¶ 15 ; quoting Howard at ¶ 16 ; citing Owens v. Ohio Bur. of Emp. Servs. , 135 Ohio App.3d 217, 220, 733 N.E.2d 628 (1st Dist. 1999). However, as noted in Kappan, supra , at ¶ 14, the Eleventh District Court of Appeals has recognized that " '[t]he failure to allow a party to present witnesses or otherwise develop their case is grounds for reversing the decision of the review commission.' Dragon v. State Unemp. Comp. Rev. Comm. , 11th Dist. Ashtabula No. 2005-A-0017, 2006-Ohio-1447, 2006 WL 766545, ¶ 21 (cases cited)."
{¶ 18} Because " ' "[t]he object of a hearing is to ascertain the facts that may or may not entitle the claimant to unemployment benefits[,]" ' " it follows that "[t]he key factor in deciding whether a hearing satisfies procedural due process is whether the claimant had the opportunity to present the facts that demonstrate he or she was entitled to unemployment benefits." Zellner at ¶ 14 ; quoting Bulatko, supra , at ¶ 11 and Howard, supra , at ¶ 15 ; citing Atkins v. Ohio Dept. of Job & Family Servs. , 10th Dist. Franklin No. 08AP-182, 2008-Ohio-4109, 2008 WL 3522452, ¶ 17.
{¶ 19} O.A.C. 4146-7-02 provides that each interested party in a Review Commission proceeding "shall have all rights of fair hearing, including: * * * [t]he right to subpoenas for witnesses and documentary evidence and the right to present argument." O.A.C. 4146-15-01 provides as follows:
"[i]f an interested party desires the issuance of subpoenas in order to compel the attendance of witnesses or production of evidence at a scheduled hearing, the party's request should be filed with the review commission at least five calendar days in advance of the date of the hearing in order to allow sufficient time for preparation and service of the subpoenas."
It further provides that should the number of requested subpoenas by any party appear to be unreasonable, "the review commission may require a showing of necessity therefore, and, in the absence of such showing, only three subpoenas will be issued."
{¶ 20} Here, a review of the record reflects that Appellant received an initial determination allowing unemployment benefits, but reducing the benefits to zero *58 due to remuneration received upon separation from employment which exceeded the weekly amount of unemployment compensation to which Appellant was entitled. The initial determination was affirmed after a redetermination of benefits. The finding that Appellant had deductible remuneration stemmed from the fact that Appellant and Ed Map, Inc. executed a document entitled "Separation Agreement and Release," which provided for the payment of "severance pay" to Appellant. Appellant, however, has maintained throughout the proceedings below and on appeal that the payments he received from Ed Map, Inc. were a damages settlement for the settlement and release of a claim a promissory estoppel he possessed against Ed Map, Inc. The matter was then transferred to the Unemployment Compensation Review Commission and Appellant was granted a hearing. Although it appears hearings are typically held by telephone, because Appellant requested an in-person hearing, the nature of the hearing was changed to accommodate Appellant's request. Further, and of importance, Appellant filed a request for subpoenas on July 26, 2015, nearly one month prior to the scheduled August 24, 2015, in-person hearing.
{¶ 21} Appellant's request for subpoenas included a request for a subpoena duces tecum directed to Ed Map, Inc. for communication records/emails from April 28, 2015, through June 15, 2015, that referenced Appellant by name. The request also included a request for a subpoena duces tecum directed to an entity named Snider, Fuller and Stroh for communication records/emails/phone logs that indicated the timing of Appellant's termination of benefits. The request also requested that five witnesses be subpoenaed for the hearing, including Kerry Pigman, President and COO of Ed Map, Inc., Stacey Rainey, HR Manager of Ed. Map, Inc., Brian Dunson, VP of Technology at Ed Map, Inc., Heidi Wilhelm, BA and Project Manager of Ed Map, Inc., and Corey West, Director of Information Technology at Ed Map, Inc. Appellant's request for the issuance of subpoenas was conditional, in that Appellant felt there was only a need for the subpoenas if Ed Map, Inc. did not make stipulations to the Commission regarding the date of Appellant's termination and the validity and timing of the severance agreement and release signed between the parties. Appellant explained in his request that he had separately asked Ed Map, Inc. to make the stipulations to the Commission, but had not heard back, and that if Ed Map, Inc. made the requested stipulations, Appellant would rescind his request for subpoenas.
{¶ 22} When it became apparent on the day of the scheduled hearing that the witnesses were not present and that the documents requested had not been provided, in part because the Commission had not issued all of the requested subpoenas, Appellant objected and requested a continuance, both orally and in writing. Appellant asked that the remaining subpoenas be issued and that the hearing officer enforce the subpoenas that were issued, as the subpoenaed witnesses failed to appear.[3] In response to Appellant's objections, the Hearing Officer explained as follows:
"I don't know if someone explained it to you or not, but the chief Hearing Officer and I looked at your request and we had determined that no subpoenas would be issued unless it's necessary and from the employer's indication, they may or may not dispute that if they're not here to *59 rebut the testimony evidence that you're offering, then that's just that. They're not here to rebut that, but as you've indicated, if it becomes necessary, we can always issue those subpoenas if it needs to prove a fact that is pertinent to the issue under appeal."
Appellant thereafter renewed his objections to the failure to issue the requested subpoenas, requested a continuance and then filed a written proffer.
{¶ 23} After Appellant's exhibits were marked and accepted, and before the hearing concluded, Appellant again renewed his objections and stated "I do not acquiesce in any way, shape, or form that the witnesses are not needed. I want them to be subpoenaed so that we can establish all facts * * *." In response, the hearing officer stated "the process is we don't making [sic] findings of facts. Here in the hearing, we take it under advisement and then if it's necessary based on my review of Exhibit D [Appellant's written proffer], to continue this hearing for additional witnesses or documents, we would do that at that time." The Hearing Officer's written decision was issued seven days later, without issuing the requested subpoenas or holding a further hearing.
{¶ 24} Appellant clearly has a right to have subpoenas issued. Granted, Appellant wanted five witnesses and documents from two different entities, one of which was not his employer, to be subpoenaed. However, O.A.C. 4146-15-01 provides for a scenario in which the request by a party may be deemed unreasonable. The process set forth in O.A.C. 4146-15-01 provides that if such an event occurs, the Review Commission may require a showing of necessity and in the absence of such a showing, only three subpoenas will be issued. This process was not followed. There is no indication from the record before us that Appellant was alerted that he had requested an unreasonable amount of information or was given an opportunity to demonstrate to the Commission the necessity for the request. Instead, it appears only three witnesses were subpoenaed, on an apparent random basis, as there is no evidence Appellant was consulted about which three subpoenas to issue.
{¶ 25} In Kappan v. Director, Ohio Dept. of Job and Family Services, et al., supra, the court was faced with a similar fact pattern with regard to the issuance and enforcement of subpoenas. Kappan properly requested a subpoena duces tecum be issued to a certain employer witness. Kappan at ¶ 16. Although the witness appeared at the hearing, he did not comply with the subpoenas and provided no excuse as to why. Id. At the conclusion of the hearing, the hearing officer stated that he did not need to get the information from the subpoenas to make a fair decision. Id. at ¶ 19. The hearing officer's decision was subsequently reversed and remanded for further proceedings, in part due to the basic unfairness of the hearing officer's failure to enforce the subpoenas, and resultant disregard for evidence possessed by the employer that had been properly subpoenaed but the employer failed to provide. Kappan at ¶ 22 (noting it is the hearing officer's duty to ascertain the relevant facts); quoting Simon v. Lake Geauga Printing Co. , 69 Ohio St.2d 41, 43, 430 N.E.2d 468 (1982) ("[t]he purpose is to create, not circumvent, 'an efficient method for ascertaining a claimant's entitlement to unemployment compensation benefits.' "); quoting Owens v. Ohio Bur. of Emp. Servs. , 135 Ohio App.3d 217, 221, 733 N.E.2d 628 (1st Dist. 1999) ("[t]he hearing officer could not simply disregard evidence in the hands of the employer that the claimant had properly subpoenaed and that the employer had failed to provide.").
*60 {¶ 26} Here, the issues presently on appeal involve the nature of the agreement signed by the parties, as well as the nature of the payments received by Appellant and whether they do, in fact, constitute separation pay and thus, deductible remuneration. It appears that the requested documents and witnesses may have been relevant to that determination. In light of the foregoing, we conclude that the Commission's refusal to issue subpoenas for witnesses and documents, despite Appellant's proper and timely request to do so, without affording Appellant an opportunity to demonstrate the necessity therefore, constituted an abuse of discretion that resulted in a denial of due process to Appellant. As such, Appellant's third assignment of error has merit and is therefore sustained. Accordingly, the judgment of the trial court affirming the Review Commission's determination is reversed, and this matter is remanded for further proceedings consistent with this opinion.
ASSIGNMENTS OF ERROR I, II AND III
{¶ 27} In light of our disposition of Appellant's third assignment of error, which resulted in the reversal of the trial court's affirmance of the Review Commission's determination and remand for further proceedings, the arguments raised under Appellant's first, second and fourth assignments of error have been rendered moot. Therefore, we will not address them.
JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

Although not pertinent to the issues on appeal, we note that Appellant's base period for unemployment benefits lists Ed Map, Inc. as Appellant's employer, as well as Navigator Management Partners, LLC. It appears Appellant worked for Navigator Managements Partners, LLC prior to obtaining employment with Ed Map, Inc.

It appears from the record that the three subpoenas that were issued went to Pigman, Rainey and Dunson, mentioned above. Two additional witnesses were not subpoenaed and the subpoenas duces tecum were not issued.