[Cite as *Huth v. Smithers-Oasis Co.*, 2024-Ohio-2886.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| WILLIAM P. HUTH | C.A. No.     30795 |
|---|---|
|     Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| SMITHERS-OASIS COMPANY, et al. | |
|     Appellees | CASE No.     CV-2022-10-3512 |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2024

HENSAL, Judge.

{¶1} Williams Huth appeals an order of the Summit County Court of Common Pleas that affirmed a determination of the Unemployment Compensation Review Commission ("UCRC"). This Court affirms.

I.

{¶2} Mr. Huth resigned from his employment with Smithers-Oasis Company ("Smithers-Oasis") on December 17, 2021. He applied for unemployment compensation, but his application was disallowed. Mr. Huth appealed the initial determination, and the disallowance of his application was affirmed, noting that he "quit … on 12/17/2021 without providing specific facts regarding [his] reason for quitting." Mr. Huth appealed the redetermination to the UCRC under Revised Code Section 4141.281. The hearing officer found that Mr. Huth's job responsibilities required him to support multiple work sites, that he expressed concerns about working with an individual at one work site, and that management addressed his concerns. The

hearing officer found that, nonetheless, Mr. Huth chose to resign rather than to perform his job duties. According to the hearing officer, Mr. Huth "brought his concerns to his manager, and they were discussed…" but "[a]fter the conversation [he] discontinued all communication with his manager and then resigned." The hearing officer characterized Mr. Huth's conduct as "unreasonable[,]" concluding that "[h]e resigned because he did not receive the outcome he desired." Based on these findings, the hearing officer concluded that Mr. Huth quit work without just cause and affirmed the redetermination.

{¶3} Mr. Huth requested review of the hearing officer's decision by the UCRC, which allowed the request and scheduled a further hearing. Following that hearing, a second hearing officer also affirmed the redetermination. The second hearing officer concluded that Mr. Huth did not resign in response to impending discharge and, as a result, considered whether Mr. Huth quit work without just cause. The hearing officer observed that "[q]uitting is a drastic measure and should only be done as a last available option…" and concluded that "it cannot be found that [Mr. Huth] acted reasonably or as an ordinarily prudent person would in a same or similar situation before deciding to quit."

{¶4} Mr. Huth appealed the UCRC's decision to the Summit County Court of Common Pleas, as permitted by Section 4141.282. The common pleas court affirmed the UCRC's decision, concluding that the record supported the UCRC's findings; that the UCRC's decision was not unlawful, unreasonable, and against the manifest weight of the evidence; and that the UCRC's failure to enforce a subpoena did not deny Mr. Huth a fair hearing. Mr. Huth appealed. His three assignments of error are rearranged for purposes of disposition.

## II.

## ASSIGNMENT OF ERROR III

THE REFUSAL OF THE UCRC TO ENFORCE THE SUBPOENA DENIED [MR. HUTH] A FAIR HEARING.

{¶5} In his third assignment of error, Mr. Huth argues that he was denied a fair hearing because the UCRC declined to enforce a subpoena. This Court does not agree.

{¶6} Ohio Administrative Code Section 4146-7-02 governs proceedings before the UCRC. *Westphal v. Cracker Barrell Old Country Store*, 2010-Ohio-190, ¶ 8 (9th Dist.). Section 4146-7-02(C)(5) provides that every interested party in a proceeding "shall have all rights of fair hearing, including … [t]he right to subpoenas for witnesses and documentary evidence and the right to present argument." *See also* Adm.Code 4146-15-01 ("Upon the request of an interested party, or upon its own motion and within its discretion, the review commission or a hearing officer may, at any time, issue subpoenas to compel the … production of books, accounts, papers, records and documents at any hearing."). This Court's focus when considering whether a determination of the UCRC should be overturned because of failure to issue or enforce a procedure must be whether the claimant received a fair hearing. *See Owens v. Ohio Bur. of Emp. Servs.*, 135 Ohio App.3d 217, 221 (1st Dist. 1999). When a subpoena requests documents that duplicate the contents of the claim file, for example, failure to subpoena those documents does not deny the claimant a fair hearing. *Harrison v. Penn. Traffic Co.*, 2005-Ohio-638, ¶ 25 (10th Dist.).

{¶7} In this case, the documents for which a subpoena issued consisted of emails to which Mr. Huth was a party in the first instance and the documents provided by Smithers-Oasis in response to his claim. Mr. Huth's representative had the opportunity to request the contents of his claim file before the hearings, and it appears that they were eventually requested. The employer did not appear for either of the telephone hearings before the UCRC, and the hearing officers went

forward with the hearing after Mr. Huth's representative stated that responses to the subpoenas had not been received. During both hearings, Mr. Huth mentioned that he had communicated with management through email, but only in general terms. Mr. Huth had the opportunity to provide further detail about emails that he had authored or received in response to the hearing officers' questions, but he did not do so.

{¶8} Because the documents that were subpoenaed consisted of documents in the claim file and emails to which Mr. Huth was a party and about which he could have testified, this Court cannot conclude that he was denied a fair hearing. Mr. Huth's third assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR I

THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION'S SEPTEMBER 14, 2022 DECISION CONTAINS FINDINGS OF FACT THAT ARE NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE IN THE RECORD.

### ASSIGNMENT OF ERROR II

THE DECISION BY THE UNEMPLOYMENT COMPENSATION COMMISSION THAT [MR. HUTH] QUIT WORK WITH SMITHERS-OASIS COMPANY WITHOUT JUST CAUSE IS UNLAWFUL, UNREASONABLE, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Mr. Huth's first and second assignments of error argue that the UCRC erred by concluding that he quit work without just cause. This Court does not agree.

{¶10} Neither the trial court nor this Court applies the standards of review applicable to administrative appeals under Revised Code Chapter 2506. *See generally Boice v. Village of Ottawa Hills*, 2013-Ohio-4769, ¶ 7. Instead, when a court of common pleas reviews a decision by the UCRC that a claimant quit employment without just cause, "[i]f the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it

shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the [UCRC]." *Williams v. Ohio Dept. of Job and Family Servs.*, 2011-Ohio-2897, ¶ 20, quoting R.C. 4141.282(H). This Court must apply the same standard of review to just-cause determinations by the UCRC. *Durgan v. Ohio Bur. of Emp. Servs.*, 110 Ohio App.3d 545, 551 (9th Dist. 1996), citing *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs*, 73 Ohio St.3d 694, 696-697 (1995).

{¶11} The review hearing officer concluded that the evidence did not support the conclusion that Mr. Huth "was … told he would be discharged if he did not resign." Consequently, the review hearing officer determined that the appropriate analysis of Mr. Huth's claim was whether he quit work without just cause. Mr. Huth argues that these findings of fact are not supported by the evidence and suggests that the appropriate analysis was whether Mr. Huth resigned his employment under threat of termination. In considering Mr. Huth's arguments, this Court must be mindful that our power of review is "limited," and as such, a reviewing court cannot make factual findings or determine the credibility of witnesses. *Irvine v. State Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18 (1985).

{¶12} Under Section 4141.29(D)(2)(a), no individual who has "quit work without just cause" may receive unemployment compensation. "[J]ust cause" means "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine* at 17, quoting *Peyton v. Sun T.V. & Appliances*, 44 Ohio App.2d 10, 12 (10th Dist. 1975). As this Court has observed, just cause for resigning from employment "amounts to what '"an ordinarily intelligent person" would find to be a "justifiable reason for quitting, where that cause is related in a substantial way with a person's ability to perform in his employment[.]"'" (Alteration in original.) *Upton v. Rapid Mailing Serv.*, 2004-Ohio-966, ¶ 14 (9th Dist.), quoting *Bacalu v.*

*Lorantffy Care Ctr.*, 1998 WL 78682, *2 (9th Dist. Feb. 11, 1998). Quitting one's employment connotes a "*voluntary* act by an employee not controlled by the employer." (Emphasis in original.) *Upton* at ¶ 14, quoting *Henize v. Giles*, 69 Ohio App.3d 104, 111 (4th Dist. 1990).

{¶13} Mr. Huth testified that he was employed by Smithers-Oasis for approximately two years and that he was responsible for matters of health, safety, and environmental regulatory compliance at several locations. One location within the scope of his responsibilities was the Stow Street location. During both hearings, Mr. Huth asserted that the manager of that location was known to be "brash." He asserted that the manager was responsible for bullying and harassing behaviors, and he suggested that the manager was responsible for creating a hostile work environment. A "hostile work environment," however, is a legal concept with a specific meaning. *See Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169 (2000), paragraph two of the syllabus. When asked by the hearing officers to elaborate on these statements, Mr. Huth had little to add. He explained that the manager had a history of writing incident reports about employees, and he testified that the manager was known for copying multiple recipients on emails unnecessarily. Although he claimed to have been a party to such emails – and to have reported the manager's conduct via email as well – Mr. Huth did not offer any specific information during his testimony.

{¶14} With respect to his own employment, Mr. Huth was equally vague. He identified only one specific conflict he had with the manager related to a difference of opinion about which COVID-19 protocols applied to visitors to the Stow Street location. According to Mr. Huth, the manager sent an email to him and five other people within the organization about Mr. Huth's failure to comply with Stow Street COVID-19 protocols. Mr. Huth testified that the manager's statements were untrue and, in any event, that the Stow Street protocols were incorrect. Mr. Huth

explained that he sent an email to the manager informing him that he should not communicate with him in the future, but he testified that he thought he could continue to support the Stow Street location without communicating with the manager. According to Mr. Huth, he then received a telephone call from his supervisor asking for his resignation. He testified that no one told him he would be fired if he did not resign. Mr. Huth stated that he was not sure whether he would have been fired, but he thought that was the case.

{¶15} Smithers-Oasis responded to Mr. Huth's claim but did not appear through a representative during either of the telephone hearings. The responses are consistent with Mr. Huth's testimony in many respects: they document that a disagreement between Mr. Huth and the manager about COVID-19 protocols occurred and that Mr. Huth sent an email instructing the manager not to communicate with him in the future. According to the Smithers-Oasis's response, Mr. Huth "refused to perform his job functions in supporting one of our locations in his regulatory compliance and health and safety areas of responsibility." Smithers-Oasis also explained that "[Mr. Huth] was advised that if he refuses to support all locations then we would accept his resignation as he is choosing not to do his required job." As further explanation, Smithers-Oasis wrote that "[Mr. Huth] told the Operations Manager of one of our locations via email not to correspond with him any further… Therefore, his manager told him if he is not willing to do his job, then he should submit his resignation."

{¶16} This Court cannot conclude that the review hearing officer's conclusions are unlawful, unreasonable, or against the manifest weight of the evidence. Mr. Huth testified during the appeal hearings, but he consistently refrained from providing specific information in support of his position. He now suggests that the review hearing officer's decision is unlawful, unreasonable, or against the manifest weight of the evidence because it is based, in part, on

information that he characterizes as hearsay. It is well-established, however, that the UCRC can consider hearsay testimony in making its decisions. *See Moore v. Comparison Market, Inc.*, 2006-Ohio-6382, ¶ 13 (9th Dist.), citing *Simon v. Lake Geauga Printing Co.*, 69 Ohio St.2d 41, 44 (1982). As discussed in connection with Mr. Huth's third assignment of error, Mr. Huth had access to the information necessary to the defense of his claim and was not denied a fair hearing. When asked for details to substantiate his claim, Mr. Huth did not provide them. A claimant who resigns from employment bears the burden of demonstrating that there was just cause for the resignation. *Irvine*, 19 Ohio St.3d at 18-19. Mr. Huth did not carry this burden.

**{¶17}** The review hearing officer's conclusion is not unlawful, unreasonable, or against the manifest weight of the evidence. Mr. Huth's first and second assignments of error are overruled.

### III.

**{¶18}** Mr. Huth's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MICHELA HUTH, Attorney at Law, for Appellant.

DAVE YOTH, Attorney General, and LAURENCE R. SNYDER, Assistant Attorney General, for Appellee.